JOSEPH B. DAVIS *vs.* ELIZABETH EMERY.

*Sale of goods—to be removed.*

A building was sold and paid for, to be removed by a day designated, but was not so removed: *held*, that the vendee did not thereby forfeit his title thereto, but only became liable to his vendor for the damages occasioned by its continuance upon the land after the date fixed and in moving it susequently, to the time agreed upon therefor. WALTON, BARROWS and DANFORTH, dissenting.

ON EXCEPTIONS.

The case sufficiently appears by the opinions.

*S. K. & B. F. Hamilton,* for plaintiff.

The building is personal property, for which trover is maintainable. *Osgood* v. *Howard*, 6 Maine, 452; *Russell* v. *Richards*, 10 Maine, 429, and 11 Maine, 371 ; *Hillborn* v. *Brown*, 12 Maine, 162.

There was an absolute sale of the property, and the provision for its removal was an independent stipulation. *Haines* v. *Hayward*, 41 Maine, 488.

Title did not revest after time fixed for removal expired. Long on Sales, 181; 38 N. H. 432; *Greaves* v. *Ashland*, 3 Camp. 426; 1 Hy. Bla. 20.

*Chas. E. Clifford*, for defendant.

Plaintiff's title was defeated by his failure to remove the barn by May 1st. *Pease* v. *Gibson*, 6 Maine, 81; *Davis* v. *Buffam*, 51 Maine, 160; *Reed* v. *Merrifield*, 10 Met. 155.

APPLETON, C. J. This is an action of trover to recover the value of a building to which the plaintiff claims title by a bill of sale in the following words :

"NEWFIELD, Nov. 6, 1865.

$40.00

J. B. Davis bought of Elizabeth Emery one building 23 feet wide and 50 feet long, now standing west of my house and barn. Said building is to be moved off from where it now stands by the first of May next. Price forty dollars. Received pay.

ELIZABETH EMERY."

The building was not removed within the time specified. Upon the foregoing writing the justice presiding instructed the jury that if they found that the term limited in said writing was not extended prior to the first of May, A. D. 1866, by the defendant, that the title to the building would ˌrevest in the defendant, and that the plaintiff would not have a right to go on and remove the same.

The plaintiff bought the barn and paid for it. As between the parties to this suit it must be deemed personal property. The defendant having sold it as such and received the price agreed upon cannot claim it as a part of the realty. It stands precisely as if it had been a sale of a cart or a wagon, which was to be stored by the seller for a specific time, and which was not removed by the buyer within that time. The title to the article sold and paid for would not be changed by the neglect of the purchaser to remove it at the stipulated day.

The phrase " said building is to be moved off from where it now

stands by the first of May next " being included in the bill of sale to the purchaser, he must be regarded as having assented thereto and thereby impliedly to have agreed to remove it in accordance with this provision, and is liable in damages for its non-removal within the time specified. *Newell* v. *Hill*, 2 Met. 180; *Pike* v. *Brown*, 7 Cush. 133; *Maine* v. *Cumston*, 98 Mass. 317. There is nothing in the language indicating that the building would be forfeited and the title revest in the seller if a removal was not made by the first day of May then next.

If it is to be regarded as a license within which time the purchaser might remove the building, still the neglect to remove would not constitute a forfeiture. The purchaser might be liable in trespass for all damage done by him to the owner of the land in removing the building, but not for the value of the property removed. *Dame* v. *Dame*, 38 N. H. 429. The title to the property sold was in the purchaser. *Nelson* v. *Nelson*, 6 Gray, 385; *Nettleton* v. *Sikes*, 8 Met. 34.

The law relating to fixtures, whether as between grantor and grantee, mortgager and mortgagee, or landlord and tenant, has no bearing upon the question under consideration. As between the buyer and seller the building was a personal chattel, which the purchaser was to remove in a given time, and until that time it was to remain on the seller's land. It was the simple case of a merchant storing goods for a limited time for the purchaser, who had paid the price therefor.

The cases cited by the counsel for the defendant are inapplicable. In *Pease* v. *Gibson*, 6 Greenl. 81, the sale was not of a specific article but only of so much timber as the vendee might take off within the time limited in his contract. To the same effect are the cases of *Reed* v. *Merrifield*, 10 Met. 155, and *Howard* v. *Lincoln*, 13 Maine, 122.

In *Vincent* v. *Cornell*, 13 Pick. 294, oxen were sold, the title to be perfect upon payment within a stipulated time, and the price not being paid, the title was held to remain in the vendor. So, the case of *Fairbanks* v. *Phelps*, 22 Pick. 535, was one of a condition-

al sale, the title to become perfect in the vendee when the purchase-money was paid. But in this case there was no sale on condition and there was nothing due the seller, the price having been paid at the time of the purchase. *Exceptions sustained.*

CUTTING, KENT, DICKERSON, and TAPLEY, JJ., concurred.

BARROWS, J., dissenting. The barn or building for the conversion of which the plaintiff here claims to recover damages of the defendant, was originally the property of the defendant, attached to her farm as part of the realty. If she ever conveyed it to the defendant it was by the following instrument, unsealed, unwitnessed :

$40.00                                            NEWFIELD, Nov. 6, 1865.

J. B. Davis bought of Elizabeth Emery one building 23 feet wide and 50 feet long now standing west of my house and barn. Said building is to be moved off from where it now stands by the first of May next. Price forty dollars. Received pay.

ELIZABETH EMERY.

It is clear that this instrument was not designed to convey an interest in real estate. The object was to sever the building from the realty, provided the vendee observed the condition inserted in the bill of sale for a removal of it in a time specified.

It is impossible to distinguish the case in principle from *Pease* v. *Gibson*, 6 Maine, 81. In that case there was a sale by a sealed instrument of all the timber standing on a certain parcel of the vendor's land. " Said (vendee) to have two years from date to take off said timber." It was not, as claimed in argument here, in terms a grant " of only so much timber as the vendee might take off within the time limited," but the court held, in an opinion the sound reason and good sense of which are manifest, that it was equivalent only to a sale of so much as should be thus severed and removed and that it was only a conditional sale of all the timber, the vendee's rights therein depending upon his performance of the condition inserted in the instrument under which he claimed. A like

Davis v. Emery.

·construction was approved and followed in *Howard* v. *Lincoln*, 13 Maine, 122. As between the buyer and seller here, the building was not a personal chattel unless the buyer performed the condition for removal. When a sale is made upon such a condition it is not necessary to have an express stipulation for a forfeiture in case the condition is not complied with. The title depends upon the performance of the condition. The instrument is to be construed as a whole. The sale was a conditional ·one. *Judevine* v. *Goodrich*, 35 Vt. 21 ; Washburn on R. P. vol. 3, p. 376. The building was real estate and remained so until severed, and if not severed by the time fixed the grantee in the bill of sale had no title unless the time for removal was extended. That these parties so understood their contract is perfectly clear from the testimony of the plaintiff. " She said her husband would buy it of me. I told her that was probably all right provided he did so, but the time would be out soon and something must be done about it," etc. To guard against the forfeiture he made the memorandum upon the bill,—" The time of removal of this building is indefinitely postponed," which she declined to sign.

It is unnecessary for us to determine whether this was a condition precedent or subsequent, or whether the language of the instruction was technically correct, if the same results followed so far as the rights of the parties were concerned. Whether the title to the building revested in the defendant or never passed from her, makes no difference. The real question was whether there was an extension of the time, and to that point the plaintiff and defendant both directed their evidence. That evidence was contradictory. The jury have settled the question in favor of the defendant upon testimony so conflicting that it is impossible for us to say peremptorily that the decision was erroneous.

*Motion and exceptions overruled.*

WALTON and DANFORTH, JJ., concurred in the foregoing opinion.