JAMES ABRAHAM, APPELLANT, *v.* GEORGE ABBOTT, RESPONDENT.

CONVEYANCE—RESERVATION IN A DEED.—Where a person owning a tract of land sells a portion thereof which is surrounded by his other lands, and describes the lands conveyed by metes and bounds, and then excepts a strip included in these bounds off of three sides of the land so described, for a road; held, that the fee passes by the deed subject to the right of way for a road.

APPEAL from Multnomah County.

This is an action in ejectment.   The appellant heretofore conveyed to the respondent a tract of land by the following instrument:

"I have this day bargained and sold unto the said Annette Abbott the following described real estate, to wit: Commencing at the north-east corner of the Seldon Murray Donation Land Claim, running thence twenty chains west to a stake; thence twelve chains south to a stake, to the initial point of this description to a stake; thence west five chains to a stake; thence south eight chains to a stake; thence east five chains to a stake; thence north eight chains to the said initial point of this description, except a strip off of the north and west sides thereof thirty feet wide, and a strip off of the east side thereof twenty feet wide, reserved for a road. Said tract so sold containing four acres, less said reserved strips, being, lying, situated," etc.

The appellant contends that the strips described in the instrument are excepted from the grant, and this is the question to be determined in the case. The land by which the tract described in the instrument is surrounded belongs to the appellant, and has been by him laid off in two acre tracts with streets—the strips in question being a part of these streets. The court below held that the strips passed by the conveyance to the respondent with a reservation of the right to use them for a road, and the respondent had judgment accordingly, from which this appeal is taken.

*Wm. Strong & Sons,* and *M. C. George,* for appellant.

*Thayer & Williams,* for respondent.

By the Court, BOISE, J.:

The question to be decided in this case arises on the construction of the deed set out in the statement of the case. The grantor in this deed being the owner of the land surrounding the tract described in the deed, if he did not intend to grant any interest in these strips will not be presumed to have included them in the deed for the mere purpose of reserving them, if any other reasonable construction can be given to the language of the instrument. Reservations usually impose some burden or easement on the land conveyed, as a right of way or the like. In this case we think the manifest intention of the grantor was to convey

to the grantee the entire tract of land described in the deed with the reservation of the right for a road over these strips.

The language "except a strip off of the north and west sides thereof thirty feet wide, and a strip off of the east side thereof twenty feet wide, reserved for a road," we think was used by the parties for the purpose of reserving these strips for a road alone; and such is the natural meaning of the words. Such a construction will give effect to the grant over all the property described, and afford a reason for including these strips in the deed, otherwise we can see no reason why the grantor should have included these strips in the description of the land. The circumstances surrounding the transaction show a reason for such a construction. For as the grantee was buying land surrounded by other lands of the grantor, it would be for his interest to secure land for roads on all sides of him, and especially as this land was near the city of Portland and might soon be needed for suburban lots. And the same would be true of the grantor, for he also might want streets on these strips. The width of the strips would indicate that it was the intention of the parties that this land sold should extend to the center of the contemplated streets, subject to this right for a road, and if the road was the usual width—sixty feet—each adjoining proprietor would own to the center. If we were to give the deed the construction contended for by the appellant, we could give no meaning to the words "for a road." We think the other is the more reasonable construction and the one which the parties intended at the time the deed was made.

The decree of the circuit court dismissing the plaintiff's bill will be affirmed with costs.