## Kimsey v. Posey, et al.

(Decided April 26, 1912.)

### Appeal from Henderson Circuit Court.

1. Contracts—Construction by the Parties.—Where the parties to a contract of doubtful meaning have given it a particular construction, that construction will generally be adopted by the court in giving effect to its provisions.

2. Specific Performance—Extension of Time.—When the vendor has himself been instrumental in producing the delay in the performance of the contract, or has given countenance thereto by lying back, the effect thereof ought not to be solely applied to the purchaser; and in such a case he will be given a reasonable extension of time to perform his part of the contract.

3. Specific Performance—Rents.—When a contract for the sale of land is specifically enforced, the title to the land vests in the purchaser as of the date of performance called for by the contract; and from that date the purchaser becomes the owner of the land and entitled to the rents thereof, and is liable for the charges against it.

YEAMAN and YEAMAN for appellant.

MONTGOMERY MERRITT and CLAY & CLAY for appellees.

OPINION OF THE COUT BY JUDGE MILLER—Affirming Upon Appeal and Cross-Appeal.

This is the second appeal of this case brought by Posey & Reichert against Kimsey for the specific performance of a contract for the sale of land. The opinion upon the first appeal, under the style of Posey v. Kimsey, was filed January 16, 1912, and appears in 146 Ky., 205. It was there held that the contract of September 5, 1910, by which Kimsey offered to exchange his farm

of 250 acres of land for Posey & Reichert's 500-acre farm, was an enforceable contract. Upon the return of the case to the circuit court, Kimsey, who was the defendant in that court, filed an amended answer, with which he tendered a deed from himself and his wife for his 250 acres, and offered to carry out the contract.

Posey & Reichert filed an amended petition, with which they tendered a deed for the 500 acres, and claimed the rents of the Kimsey 250-acre farm for 1911, less the rent of the 500 acres for the same year. They further asked the court to grant them a reasonable extension of time in which to remove the timber from the 500 acres which they had sold to Kimsey.

The clause of the contract bearing upon the removal of the timber, is slightly incorrect as copied into the opinion on page 207 of 146 Kentucky Reports, and, when corrected, reads as follows:

"Reichert & Posey to have rent for 1910 and twelve months to take off half of the timber and from January 1, 1911, and the other half by January 1, 1912; Reichert & Posey to reserve all the timber and posts for said two years they may take off, and to reserve all the coal and mineral rights and all gas rights to and under said 500 acres of land."

Issues having been made upon the questions of rent and the right of Posey & Reichert to have the time extended for removing the timber from the 500 acres—the only questions complained of on this appeal—and proof having been heard thereon, the circuit judge charged Kimsey with the rents of the 250 acres for 1911, and Posey & Reichert with the rents of the 500 acres for the same year, and extended the time of Posey & Reichert to remove the timber from the 500-acre tract to August 1, 1912. Other items entered into the settlement, but as no complaint is made concerning them, they need not be further referred to. Neither is the amount of the rent of the 250 acres for 1911, which aggregated the gross sum of $4,907.28, complained of by Kimsey; his only complaint in this respect is against the allowance of any part of the rent for 1911 to Posey & Reichert. The court set off the rents of the two tracts for the year 1911 against each other, and found a balance in favor of Posey & Reichert of $1,669.28; but of the amount so found Kimsey does not complain; he only complains that the court erred in giving any of the rents of the 250

acres to Posey & Reichert. Kimsey, therefore, appeals from so much of the judgment as gives Posey & Reichert any part of those rents, and extends their time for the removal of the timber; while Posey & Reichert prosecute a cross-appeal from so much of the judgment as held that their time to remove the timber expired on January 1, 1912, and extended it only to August 1, 1912.

Evidently the above-quoted clause of the contract was carelessly or hurriedly drawn. The contract was dated September 5, 1910; and as the summer and autumn were the best, if not the only available seasons for logging, it was evidently the intention of the parties to give Posey & Reichert two seasons, or two years, and until January 1, 1912, in which to remove their reserved timber. It is clear that the ultimate date, beyond which they could not remove any more timber, was January 1, 1912. The parties so construed the contract in their deed and pleadings in this case. It is a well recognized rule of construction that where the parties to a contract of doubtful meaning have given it a particular construction, that construction will generally be adopted by the court in giving effect to the provisions. 9 Cyc., 588.

The chancellor did not err in holding that appellees' time to remove the timber expired on January 1, 1912.

Did the chancellor err, however, in extending the time to August 1, 1912?

Appellees insist that while they had removed all the merchantable oak and ash from the entire tract, and all timber of every kind from about 100 acres thereof, they had not removed the remainder because they did not know, until after the decision of the former appeal, that they would be able to carry out their contract of sale, and thereby surrender their land; while appellant insists that appellees have never desisted in their efforts in cutting the timber, and had removed as much as they could have removed if there had been no litigation over the contract. The evidence upon these issues is contradictory; and it being a question of fact, we are not inclined to interfere with the finding of the chancellor in favor of appellees. And as appellees were left in doubt as to their rights under the contract, in this respect, by the refusal of appellee to carry out the contract, which resulted in protracted litigation, the chancellor properly gave them a further reasonable time in which to remove their timber. In Hart v. Brand, 1 A. K. Marsh., 159,

it was said that when the vendor has himself been instrumental in producing the delay, or has given countenance thereto by lying back, the effect thereof ought not to be solely applied to the purchaser, and thus deprive him of the benefit of the contract, to meet which he may have sustained other sacrifices. Neither was the chancellor in error in giving to each vendee the rents for 1911, of the property he acquired under the contract. The contract being enforced, the title to the respective tracts vested in the respective vendees as of January 1, 1911, the time originally contemplated by the contract for its performance. From that date Posey & Reichert were the owners of the 250 acres, and as such were entitled to the rents thereof, and liable for the charges against it, including taxes. Appellees' delay until February 3, 1912, in removing the lien for $16,000 upon their 500-acre tract was not prejudicial to appellant, since he, for the first time, offered to carry out the contract on January 19, 1912. Appellees were entitled to a reasonable time to clear their title.

Upon the cross-appeal, we are of opinion the proof sustains the chancellor in declining to extend the time for the removal of the timber beyond August 1st.

Judgment affirmed upon the appeal and the cross-appeal.