## COOKSEY *v.* HARTZELL. ·

### Opinion delivered October 18, 1915.

1. APPEAL AND ERROR—FINDINGS OF CHANCELLOR—FINALITY.—On a dis-
   puted issue of fact in a chancery cause the finding of the chan-
   cellor should not be disturbed unless found to be against the
   preponderance of the evidence. But where the testimony clearly
   preponderates against the finding of the chancellor, the cause
   will be reversed.

2. TIMBER DEEDS—FAILURE TO RECORD.—A timber deed, even though
   unrecorded, is good between the parties and against subsequent
   purchasers with notice.

3. TIMBER DEEDS—TIME TO REMOVE TIMBER—RIGHTS OF VENDEE.—Where
   the time of the purchaser of certain timber, in which to remove
   the same is limited by his deed, he may restrain, by proper pro-
   ceedings, a third person from interfering with his operations of
   removing the timber, and time does not run against his rights
   until the interference is removed.

Appeal from Sevier Chancery Court; *James D.
Shaver,* Chancellor; reversed.

*A. D. DuLaney,* for appellant.

1. Appellee was not an innocent purchaser. He
had notice before he purchased, and is estopped. The tim-
ber was personal property. The burden of proof was on
appellee to show that he was an innocent purchaser and
he failed. The injunction should have been granted. 75
Ark. 228; 80 *Id.* 86; 90 *Id.* 149; 82 *Id.* 455; 76 *Id.* 26; 66 *Id.*
167; 55 *Id.* 320; 2 Devlin on Deeds (3 ed.), p. 1342; 1 Pom.
Eq. Jur., book 5, § 270; 69 L. R. A. 394; 79 Ark. 100; 1
Devlin on Real Est. "Deeds" (3 ed.), p. 206.

*Steel, Lake & Head,* for appellee.

1. Appellee was an innocent purchaser of real estate. No estoppel nor waiver is shown. Appellee had no notice. The decree is right and is sustained by the evidence. 109 Ark. 223; 118 Ark. 192; 86 Ark. 202; 66 *Id.* 26; 80 *Id.* 575; 92 *Id.* 30; 43 *Id.* 21; 97 *Id.* 234; 82 *Id.* 367; 101 *Id.* 135; 103 *Id.* 326; 40 Cyc. 259.

Appellee's deed was recorded prior to that of appellant, and he had no notice of appellant's claim.

McCULLOCH, C. J. Appellant was engaged in the timber business in Sevier County, Arkansas, and on October 4, 1912, purchased from one J. G. Young the timber on a certain quarter-section of land. Young and his wife executed a deed on that date, conveying the timber to appellant and giving the right to cut and remove the same for a period of two years. The deed was not filed for record until May 17, 1913, and in the meantime Young sold and conveyed the land to appellee on February 18, 1913. This is an action instituted by appellant in the chancery court of Sevier County to secure an injunction against appellee's interference with appellant's employees in cutting and removing the timber. It is alleged in the complaint that appellee had notice at the time he purchased the land from Young of the prior sale of the timber to appellant, and that in August, 1913, he entered into an oral agreement with appellant's agent whereby he agreed for a stipulated price to remove the timber for appellant, and also agreed that if he failed to do so within the period of two years prescribed in the deed of Young to appellant the time should be extended for another year. Appellee in his answer denied that he had any notice when he purchased the land of the prior sale of the timber to appellant. The chancellor decided the issues in appellee's favor and dismissed the complaint for want of equity.

We recognize the rule that on a disputed issue of fact in a chancery cause the finding of the chancellor should not be disturbed unless found to be against the preponderance of the evidence, but in this case we are of the opinion,

after a careful analysis of the testimony, that it preponderates clearly against the finding of the chancellor. Young testified positively that the day before he sold the land to appellee he told the latter that the timber had previously been sold and was owned by the Neal Springs Lumber Company. He explained that the reason he made that statement was because appellant wanted the deed made to the Neal Springs Lumber Company and that he understood that appellant was operating in some way through or with that company. At any rate, he states positively that he told appellee that the timber had been sold. Appellee denied that, but admits that Young told him that the timber on a three-acre tract of land just across the creek from the timber in controversy was owned by the Neal Springs Lumber Company. Young has no interest in this controversy, so far as appears from the record, and, in addition to that, he is strongly corroborated by other testimony which shows that in August, 1913, appellee conceded appellant's ownership of the timber and entered into an agreement with the appellant, through his agent, Cleveland, to cut and haul the timber for a stipulated price. This was about two months after the appellant's deed had been put on record. Appellee did in fact cut and haul a lot of the timber for appellant and received pay for it. Some of the payments were as late as December 10, 1913. Appellee undertakes to explain this by stating that at the time he made the concession as to appellant's ownership he thought the deed had been placed of record before his purchase; but the fact remains that he not only conceded appellant's ownership and agreed to cut and remove the timber for the latter, but that he afterward did cut and haul a lot of it, and this must be taken as corroboration of the testimony of Young to the effect that appellee knew when he purchased the land that the timber had previously been sold. In other words, he was put upon notice of appellant's ownership, and even though the deed was unrecorded, his grantor's prior conveyance to appellant's must prevail over his subsequent purchase. The timber deed, even though unre-

corded, was good between the parties and against subsequent purchasers with notice. The testimony shows, furthermore, that after appellee had failed to carry out his oral agreement to remove the timber, appellant sent a crew of men, in the summer of 1914, on the land to cut the timber and that appellee interfered with them and caused their arrest. Appellant's time to remove the timber was limited and he was entitled to a decree restraining appellee from interfering with the operation of removing the timber; and, of course, the time does not run against appellant's rights until the interference is removed.

The decree is reversed and the cause remanded with directions to enter a decree in favor of the appellant in accordance with his complaint.