FORIDA EAST COAST COMPANY, A CORPORATION OF DELAWARE, FRANCIS C. HARDING AND J. W. GRIFFS, *Appellants*, v. EDWARD C. LANGSTON, *Appellee*.

Opinion Filed May 22, 1918.

It was not reversible error for the Chancellor to confirm a sale of land made on the legal sales day in October, 1916, by a Special Master upon the foreclosure of a mortgage on such land, upon objection thereto, upon the ground that such sale was made subject to the taxes due on the land for the years 1914 and 1915, where it appears that the final decree ordering such sale was entered on September 11th, 1915, "*nunc pro tunc* as of August 1st, A. D. 1915." Neither was the fact that the property was sold for $13,000.00 a sufficient ground upon whch to refuse a confirmation of the sale in the absence from

the record of any proof that the property sold was worth more, and that this amount was a grossly inadequate consideration therefor.

Appealed from Circuit Court for Brevard County, J. W. Perkins, Judge.

Orders affirmed.

*Jones & Jones and L. B. Newman,* for Appellants;

*James I. Mitchell and Massey & Warlow,* for Appellee.

WEST, J.—Pursuant to the provisions of a final decree entered in the court below foreclosing a mortgage on certain lands therein described, and appointing a special master to make sale of such lands, after due notice thereof, a sale was made and the property sold to the complainant.

Thereafter and on the day of the sale a motion on behalf of the mortgagor, the defendant, in opposition to a confirmation of the sale was submitted to the court. The grounds of this motion are as follows:

"Now comes the Defendants the Florida East Coast Company and Francis C. Harding, Defendants in the above entitled cause, by F. J. Webb, their Solicitor and moves the court to deny confirmation of the sale of the Real Estate sold by the Master under the Final Decree in the above foreclosure suit for the following reasons to wit:

"First. The Real Estate under the Decree in the above cause was put up for sale in front of the Court House door, at Titusville, Brevard County, Florida on Monday, October 2nd, A. D. 1916, and sold to Edward C. Langston, the complainant herein for the sum of

$13,000.00, being several hundred Dollars short of the amount required to pay off the Debts & costs herein.

"Second. The said Real Estate subject to the Taxes for 1914 and 1915 (copy of said sale is hereto attached and marked Exhibit 'A') .The said sale being had subject to the taxes of 1914 & 1915, is contrary to the Instructions in the Final Decree and contrary to the Laws of Florida. See Section 2504 on page 990, General Statutes of Florida. The Final Decree requiring the master to sell the property to the Highest and Best Bidder.

"Third. The said Taxes for 1914 and 1915 were paid by Edward C. Langston, the complainant herein, long before the sale was advertised, therefore there are no taxes against the said Estate.

"Fourth. Had the property been sold as the law requires and as per instruction of the said Final Decree instead of subject to taxes of 1914 and 1915 when there was no taxes against said property, held by any one but the Complainant Edward C. Langston, considerable more money would have been realized.

"Fifth. Said property was sold subject to the Taxes · as herein Described, for the purpose of depressing the sale of said Real Estate.

F. J. Webb,<br>Solicitor for Defendants herein."

This motion was supported by an affidavit of the President of the defendant company in which he said in substance that the property advertised for sale in said cause was sold for $13,000.00, and that the sale was made subject to the taxes for the years 1914 and 1915.

This motion was denied and on the same day an order

was made confirming the sale. From such orders this appeal was taken.

It is well settled in this court that the allegations of a motion are not self supporting, and therefore the only question presented is whether or not the chancellor erred in denying the motion not to confirm and entering an order to confirm the sale if it is conceded that the property was sold for the amount stated and subject to the taxes for the years named.

The record brought here includes only the final decree and the proceedings subsequent thereto. The final decree was entered on the 11th day of September, 1915 "*nunc pro tunc* as of August 1st, A. D. 1915."

The taxes due upon this property for the year 1914 and 1915, if unpaid, were on the day of the sale October 2nd, 1916, a lien upon the property (Section 3, Chapter 5596, Acts 1907, Laws of Florida; Section 430 Florida Compiled Laws 1914) and a sale of the property subject to this tax lien was not of itself a sufficient ground upon which to base an order refusing to confirm the sale. Neither was the fact that the property was sold for $13,000.00, a sufficient ground upon which to refuse a confirmation of the sale in the absence from the record of any proof that the property sold was worth more, and that this amount was a grossly inadequate consideration therefor.

Other questions are discussed in the able briefs of counsel but they are not presented on this record and cannot therefore be considered.

The orders appealed from are affirmed.

Browne, C. J., and Taylor, Whitfield and Ellis, J. J., concur.