**BOND et al. v. BROWN et al.***

(Circuit Court of Appeals, Fifth Circuit. December 16, 1924.)

No. 4386.

1. **Courts ⟨⟩264(3)—District Court held to have jurisdiction of ancillary proceeding by receivers to recover possession of land under lease.**

District Court, having jurisdiction of receivership proceedings, held to have jurisdiction of ancillary suit by receivers to recover possession of timber land under lease, for removal of timber, though they had sold such timber and retained only vendor's lien; their position being that of mortgagees.

2. **Logs and logging ⟨⟩4 — Payment for extension of timber lease held required to be made only within reasonable time.**

Payment of stipulated amount for extension of term of lease of land within which to remove timber held required to be made only within reasonable time.

3. **Logs and logging ⟨⟩4 — Tender of amount due for extension of timber lease held made within reasonable time.**

Where lessor of timber land deliberately endeavored to place lessee in default in making tender of payment necessary for extension of lease, held, tender made as soon as lessor by all reasonable efforts could be located was within reasonable time.

4. **Vendor and purchaser ⟨⟩229(I)—Purchaser of land held chargeable with constructive notice of rights of lessee, who had purchased timber thereon.**

Purchaser of land with knowledge of timber lease thereon, who deliberately refrained from inquiring of lessee whether it claimed any interest under lease by reason of extensions au-

*Rehearing denied January 30, 1925.

thorized in it, *held* chargeable with constructive notice of lessee's rights.

**5. Logs and logging ⬅︎4—Extension of time for removal of timber under lease to six months after termination of suit held proper.**

Extension of time for removal of timber under lease until six months after final termination of suit to establish lessee's rights, made necessary by lessor's wrongful denial thereof, *held* proper.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action by George W. Brown and another, as receivers of the Miller-Link Lumber Company, and others against R. L. Bond and another. Decree for plaintiffs, and defendants appeal. Affirmed.

John B. Warren, of Houston, Tex., for appellants.

Homer L. Bruce and C. L. Carter, both of Houston, Tex., and A. M. Huffman, of Beaumont, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and CLAYTON, District Judge.

BRYAN, Circuit Judge. This is an appeal from a decree holding that a lease of land, which granted the right to cut and remove the pine timber thereon, had not expired, and awarding possession to the owner of the lease. On August 10, 1916, Pat O'Connor, the owner of 400 acres of land, conveyed by lease all the pine timber thereon to the Miller-Link Lumber Company, and granted to it and its assigns the right to cut and remove the timber for five years. The lease contains the following clause, granting the right to an extension beyond the period of five years:

"It is further specially provided that if, after the expiration of the 5 years granted herein for the removal of the timber, the said Miller-Link Lumber Company, its successors or assigns, should desire to extend the time limit for removing the said timber from said land, the grantor herein, his heirs or assigns, agree to extend the time limit year by year for a period of 3 years, upon the payment to them by the Miller-Link Lumber Company, or its successors or assigns, for such extended privilege at the rate of 25 cents per acre per year, which shall be full compensation for such privileges."

In 1920 O'Connor conveyed the title to the land to R. L. Bond. On August 6, 1921, the receivers of the Miller-Link Lumber Company paid $100 to Bond, whose written receipt granted an extension of the lease for one year, and contained the expression,

"It being understood that there is still two more years extension allowed upon the payment of the consideration mentioned when due." There was testimony to the effect that on August 5, 1922, the receivers mailed to Bond their voucher for $100 in payment of an extension of the lease to August 10, 1923. However, Bond testified that he did not receive the letter or voucher. On September 11, 1922, the receivers wrote to Bond's father that they had not received a reply to their letter of August 5, and inquiring where the younger Bond could be found. On September 16, Bond, the appellant, replied, stating that he had not received the letter of August 5, and taking the position that the receivers had forfeited their rights to the timber. The receivers made efforts to have a personal interview with Bond, but were unsuccessful until September 26, when they tendered him $100 for an extension of the lease to August 10, 1923, which he declined to accept, on the ground that the time for payment had expired.

In the meantime, and on September 21, 1922, Bond executed a conveyance to S. B. Conn; but it was understood between them that Conn should pay off the vendor's lien of $3,045, which O'Connor retained when he conveyed to Bond the title to the land, and that, if Conn should sell the timber, he should retain $2,000 out of the proceeds of the sale as his compensation, and pay the balance, if any, to Bond. Before that Conn had examined an abstract of title to the land, and was familiar with the extension clause in the lease. He was well acquainted with the receivers, and could easily have communicated with them by telephone, but admitted that he studiously avoided making any inquiry of them. On or about October 18, 1922, O'Connor assigned his vendor's lien to Conn, who paid the principal and accrued interest. On August 9, 1923, the receivers tendered Bond $100 for an extension of the lease to August 10, 1924, and also again tendered $100 for the extension from August 10, 1922, to August 10, 1923. Bond refused both tenders on the ground that he had sold the timber to Conn. The receivers never tendered any payment to Conn, but they had no actual notice of his claim of interest in the land or timber until they were informed of it by Bond, on August 9, 1923. On and after August 10, 1922, the market value of the timber was between $13,000 and $15,000, while Conn's interest in the land without the timber was worth less than the amount he paid to O'Connor.

In October, 1920, the District Court, from which this appeal comes, appointed receivers of the Miller-Link Lumber Company, in a suit in equity against it, and in August, 1922, approved the sale by that company of a large quantity of property, including the lease in controversy, to the Peavy-Moore Lumber Company, a Louisiana corporation. The consideration for the sale was $787,500, of which $100,000 was paid in cash; the balance being secured by vendor's lien upon all the property sold, including the lease. The court retained jurisdiction of the receivership suit for the purpose of granting such further relief as might be proper, and the receivers filed as ancillary to that suit their petition against Bond and Conn, seeking to establish their interests in the timber leased from O'Connor. The Peavy-Moore Lumber Company filed its petition of intervention to recover from the appellants possession of the leased land. Both petitions prayed for general relief.

Appellants appeared and contested the jurisdiction of the court, on the ground that the Miller-Link Lumber Company, its receivers, and the appellants were all citizens of Texas, and that the receivers, having assigned the lease to the Peavy-Moore Lumber Company, did not have possession or right of possession. On the merits, they contend that the lease had expired by reason of the failure of each of the appellees, on or before August 10, 1922, to make the payment of $100 necessary to secure a year's extension, and that Conn had no notice, actual or constructive, that either of the appellees, the receivers or the Peavy-Moore Lumber Company, had any interest in the lease.

[1] We think the trial court had jurisdiction. The proceedings being ancillary, diversity of citizenship is not required. If there had been no sale or assignment of the lease by the receivers, they would have had the right to maintain an ancillary proceeding to recover possession of the lease. White v. Ewing, 159 U. S. 36, 15 S. Ct. 1018, 40 L. Ed. 67. When the receivers assigned the lease, they retained a vendor's lien, and thereby became in effect mortgagees, with the right to prevent the impairment of their security. 19 R. C. L. 340. Clearly the court had jurisdiction of the Peavy-Moore Lumber Company's petition, which sought to recover possession from the appellants. Upon this petition there was diversity of citizenship, and an amount necessary to confer jurisdiction was involved.

[2, 3] Payment of the agreed value of the timber was made when the lease was executed. The lessee was given until after the expiration of five years to determine whether it desired an extension. The parties did not make time of the essence of their contract, doubtless for the reason that the amount stipulated for a year's extension was so small as to be considered unimportant. Under the terms of this lease, we are of opinion that payment within a reasonable time was all that was required. 17 R. C. L. 1090. It is apparent from the evidence that Bond deliberately sought to put the receivers in default, and that they were making all reasonable efforts to find him and pay the amount due. We are of opinion that the tender was made within a reasonable time.

[4] Conn was familiar with the terms of the lease. He was therefore chargeable with constructive notice of the rights of the receivers. According to his own admission, he deliberately refrained from inquiring of the receivers whether they claimed any interest under the lease. He was not a purchaser at all, but took title to the timber only for convenience in the event of a sale. He chose to speculate on the question whether the lease had expired.

[5] The court in its decree extended the time for the removal of the timber, if necessary, until six months after the final termination of this suit. The delay being caused by the appellants, we think this feature of the order was entirely proper. Kimsey v. Posey, 148 Ky. 54, 145 S. W. 1121.

The decree is affirmed.