Submitted on briefs September 14, reversed October 11, 1927.

## J. E. KENNEDY v. CITY OF HOOD RIVER ET AL.

(259 Pac. 911.)

**Fixtures—Clause in Deed Reserving Title to Building Constituted Exception Constructively Separating Building and Fixtures from Land and Converting Same into Personal Property.**

1. Clause in deed, from city, of tract of land used as automobile park, reserving title to building, *held* to constitute exception constructively separating building and fixtures therein from land and converting building and fixtures into personal property.

**Fixtures—Under Deed Reserving to Grantor Right to "Fixtures," Title to Building Remained in Grantor.**

2. Under deed from city covering tract of real property used as automobile park, reserving unto grantor right to fixtures and improvements on premises, title to building did not pass from city; it being a "fixture."

**Fixtures—Recorded Deed Containing Exception and Reservation was Notice to Subsequent Purchaser of Grantor's Interest in Land and Fixtures.**

3. Duly recorded deed from city, covering tract used as automobile park, containing exception and reservation by grantor of

---

3. Doctrine of notice from registration, see note in 23 L. R. A. 565. See, also, 23 R. C. L. 216.

fixtures, was notice to subsequent purchaser of city's interest in land and fixtures.

**Fixtures—One Claiming Interest in Property Through Recorded Deed to Predecessor in Interest Could not Claim That He had No Notice of Exception and Reservation of Fixtures Incorporated in Deed.**

4. Assignee of land contract from one who purchased from B., who claimed what interest he had in property through deed from city to B., could not be heard to say that he had no notice of exception and reservation of fixtures incorporated in deed, which was duly recorded.

**Fixtures—Limitation of Right of Grantor to Enter upon Premises to Remove Building and Fixtures Did not Convey Building to Either Grantee or His Successors in Interest.**

5. Limitation contained in deed of right of city grantor to enter upon premises in order to remove building and fixtures duly reserved did not operate to convey building to either grantee of city or his successors in interest.

**Fixtures—Facts Held to Show City Grantor Did not Intend to Abandon Right Under Exception in Deed to Building or Right to Remove It, by Delay in Moving It.**

6. Where deed from city covering real property used as automobile park reserved to grantor right to fixtures and improvements on premises, together with right to enter and remove same until certain date, facts showing that city removed building and fixtures to new park as soon as it was ready *held* to clearly show that city did not intend to abandon its right to building or right to remove it by its delay in moving it.

**Deeds — Whether Reservation in Deed is Technically Exception or Reservation is Determined by Context.**

7. Whether reservation in deed is technically an exception or reservation is determined by the context and not by technical language used.

**Deeds—Right to Enter upon Premises to Remove Building was Technically "Reservation."**

8. Right under deed to enter upon premises to remove building was technically "reservation."

Deeds, 18 C. J., p. 340, n. 96, p. 342, n. 1 New, 9, p. 352, n. 65 New.
Fixtures, 26 C. J., p. 692, n. 83, p. 724, n. 58, p. 727, n. 90.
Vendor and Purchaser, 39 Cyc., p. 1713, n. 82, p. 1717, n. 5, p. 1727, n. 83.

From Hood River: FRED W. WILSON, Judge.

7. See 8 R. C. L. 1093.

In Banc.

This is an action for conversion of personalty. On April 14, 1924, and for many years prior thereto, the City of Hood River, one of the defendants, was the owner in fee and in the possession of a tract of real property used as an automobile park. On that day the city sold and conveyed said tract to one Charles F. Batchelder, excepting, however, from the operation of the deed a certain building and fixtures therein in the following language:

"Subject to the dedicated streets within said property and reserving unto the grantor the right to the fixtures and improvements to and upon said premises, together with the right to enter thereon and to remove the same therefrom until July 1, 1924."

The city continued to occupy said premises until October, 1924, when the defendant moved the said building and fixtures therein to another tract owned by the city and used by it as an automobile park. In the meantime the said Batchelder had entered into a contract of sale of said tract so purchased by him from the defendant city to one Worthley, who assigned and transferred his contract of purchase to the plaintiff.

The issue to be determined involves the construction of the exception and reservation contained in the deed from the defendant city to the said Batchelder. Other questions were raised, but, in the light of the conclusion we have reached, they are not material to a decision of this case.

The jury returned a verdict in favor of the plaintiff and against all the defendants in the sum of $400, and from the judgment rendered on this verdict defendants appeal.                    REVERSED.

For appellants there was a brief over the name of *Mr. Ernest C. Smith.*

For respondent there was a brief over the name of *Mr. A. J. Derby.*

COSHOW, J.—1. Defendants contend that by virtue of the exception in the deed from the defendant city to Batchelder, the city was the absolute owner of the building and fixtures therein. The plaintiff contends that he is a purchaser without notice, and that the exception and reservation in the deed do not prevent the building and fixtures from passing to him as a part of the realty. Plaintiff also contends that the exception and reservation operated to retain ownership of said building and fixtures in defendant city only conditionally; said ownership depending upon the same being removed on or before July 1, 1924. The clause in the deed, reserving the title to the building, constitutes an exception, constructively separated the building and fixtures therein from the land and converted said building and fixtures into personal property.

"When the plaintiff and Wilson agreed that the elevator should not be 'included in the equipment of the building' and 'that no shelving, counters or fixtures belong to the building,' they at that moment agreed to treat the elevator as personal property; and, consequently, although not physically detached, it was thereupon constructively detached, and thenceforth it was, as between Wilson and the plaintiff, personal property."

*Blake-McFall Co.* v. *Wilson,* 98 Or. 626, 643 (193 Pac. 902, 14 A. L. R. 1275); *Coleman* v. *Lewis,* 27 Pa. St. 291; *Tifft* v. *Horton,* 53 N. Y. 377 (13 Am. Rep.

537); *Sowden & Co.* v. *Craig,* 26 Iowa, 156 (96 Am. Dec. 125).

A different rule of law applies to standing timber from the law applicable to fixtures.

"The intention of making the article permanently accessory to the real property is to be inferred from the nature of the article, the relation of the party making or maintaining the annexation, the policy of the law in relation thereto, the structure and mode of annexation, and the purpose and use for which it is made." *First State etc. Bank* v. *Oliver,* 101 Or. 42, 49 (198 Pac. 920).

2-6. By the reservation in the deed the defendant city retained title to the personal property mentioned in the reservation. Title to the building did not pass from the city. It was a fixture, and, but for the exception in the deed, would have passed by virtue of the conveyance to the purchaser of the land. The deed was duly recorded, and the exception and reservation, being incorporated in the deed, was notice to the plaintiff of defendant city's interest in the land and fixtures. Plaintiff himself claims what interest he has in the property through the deed from the city to said Batchelder and plaintiff cannot be heard to say that he had no notice of the exception and reservation, because they are incorporated in that deed. The limitation of the right of the defendant city to enter upon said premises in order to remove the building and fixtures does not operate to convey said building to either the grantee of the defendant city or his successors in interest. By virtue of the exception, that building and its fixtures became personal property. The building and fixtures were constructively separated from the land on which they were situated by the exception in the deed. The building and fix-

tures belonged to the city. From both of the briefs, as well as the evidence, we learn that the city continued to use the building and fixtures until they were removed from the land. The city was occupying and using the building and fixtures when the plaintiff entered into his contract with Worthley for the purchase of the land. The building and fixtures constituted a comfort station and were reserved from the deed to Batchelder for the purpose of moving and using them on another and different tract of land to be used by the city as an automobile park. We infer from the evidence, as well as the briefs of both parties, that, when the city had its automobile park ready, the building and its fixtures were removed from the tract sold to Batchelder to the new automobile park. This circumstance clearly indicates that the city did not intend to abandon its right to the building or the right to remove it by its delay in moving it.

7, 8. So far as this case is concerned, it is immaterial whether the reservation in the deed is technically an exception or a reservation. The technical language used does not determine the nature of such a clause in a deed. That nature is determined by the context. We think it clear that the building and fixtures were excepted 'from the conveyance. The right to enter upon the premises to remove the building is technically a reservation: Devlin on Real Estate (3d ed.), §§ 221, 979 and 980; Elliott on Contracts, §§ 3864 and 3865; Washburn on Real Property (6 ed.), §§ 2352, 2353, 2354 and 2355, and particularly note 3 on page 419; *Deckenbach* v. *Deckenbach,* 65 Or. 160, 167, 168 (130 Pac. 729).

The defendants may have been guilty of trespassing in entering upon the premises for the purpose

of removing therefrom the building and fixtures. We do not determine that question. This action was not instituted or prosecuted to recover damages for trespass. It is our opinion that the motion for a nonsuit should have been granted. This conclusion renders the consideration of other assigned errors unnecessary.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.