Argued October 10; modified November 5, 1929

# WILLIAM L. RALL ET UX. *v.* L. NEWTON PUR-CELL ET UX.

(281 Pac. 832)

For appellants there was a brief over the name of *Messrs. Gay & Hodges* with an oral argument by *Mr. C. M. Hodges.*

For respondents there was a brief and oral argument by *Mr. Philip Hammond.*

RAND, J. Plaintiffs owned a five-acre tract of land in Clackamas county which was bounded on one side by a public highway. They sold and conveyed to defendants one acre thereof alongside of the road and now own the remainder of the land. Following the description of the land conveyed is a clause in the deed reading as follows: "Excepting from this conveyance a strip of land 15 feet in width along the north side thereof to be used as a roadway."

This suit was brought to quiet title to the strip, plaintiffs and defendants each claiming to be the owners in fee thereof. Plaintiffs have no other way of reaching the road or any other public highway from the lands now owned by them except over the reserved strip. Defendant's claim of ownership of the strip is based upon an alleged oral contract which they claim was entered into between plaintiffs and defendants before the execution of the deed, whereby they agreed to purchase and plaintiffs to sell and convey one acre of ground which acre included the reserved strip and that the exception was wrongfully included in the deed in violation of their contract and, therefore, they are entitled in equity to a decree adjudging them to be the absolute owners of the strip in question. Plaintiffs' claim is based upon the language contained in the deed, the effect of which they contend makes them the absolute owners in fee of the reserved strip and not the mere owners of an easement thereover.

The decree in effect holds that the plaintiffs are not the owners of an easement only but are the absolute owners of the reserved strip, and the correctness of this ruling is the only question for decision upon this appeal.

■ Defendants' contention that because of an alleged prior oral contract, which had been entered into between plaintiffs and defendants before the making of the deed, defendants are entitled to a decree awarding to them the reserved strip without any reservation in plaintiffs of a right of way over the strip for road purposes can not be sustained. If there was such a prior contract, defendants, by accepting the deed without objection upon their part and paying the consideration with knowledge of the terms of the deed, acquiesced in and consented to the modification of the parol contract and all contracts between them became merged in the deed. They were not bound to accept the deed or pay the consideration therefor if it did not conform to their original contract. Having accepted the deed as a fulfilment of their contract, they can not now complain.

▪ ■■ The office of an exception is to take something out of the thing granted that would otherwise pass by the deed. It is a part of the thing which is included in the general terms of the grant but because of a provision made in the deed is excluded from the grant and remains in the grantor by virtue of his original title, while a reservation creates a new right in the thing granted which was not in existence at the time of the making of the grant and was originated by it. As said by Mr. Justice Coshow in *Kennedy v. City of Hood River,* 122 Or. 531, 536 (259 Pac. 911): "* * * The technical language used does not determine the nature of such a clause in a deed." The terms "exception" and "reservation" are often used indiscriminately but there is a well marked distinction between the two and whether the provision is a reservation or an exception does not depend upon the use of a particular word but upon the nature and effect

of the provision itself in its operation on the subject-matter of the grant. The presumption is that the intention of the parties is expressed by the language of the deed itself: 18 C. J., p. 340 and notes; 8 R. C. L., §§ 147, 149, pp. 1090, 1092; 3 Washburn on Real Property (5 ed.), pp. 461-465.

If the provision in question had contained the words "excepting from this conveyance a strip of land 15 feet in width along the north side thereof," and had not contained the words "to be used as a roadway," there would be no question but that the provision was intended to be an exception and not a reservation of an easement only over the strip for roadway purposes, and in that case the entire strip would have been excepted from the grant and the title to the freehold and the soil would have been excepted from the grant and would have remained in the grantor as of his former title and right as fully as if the deed had not been made, but by the use of the words "to be used as a roadway," if those words are to be given any meaning at all, then it is necessary to construe this provision as constituting a reservation of an easement only over said strip as a roadway. The deed itself is to be construed as a whole and we are not at liberty to disregard the words "to be used as a roadway." They were inserted for some purpose and to give them their proper meaning requires, we think, that they should be construed as a reservation of an easement and not as an exception of the entire strip for any and all purposes by the grantors, their heirs and assigns. The language of this provision is almost identical with the provision which was considered by this court in *Abraham v. Abbott,* 8 Or. 53, where it was held by Mr. Justice BOISE, speaking for the court, that the intention of the grantor was to convey to the

grantee the entire tract of land described in the deed with the reservation of the right for a road over the lands reserved. We think that the reasoning of the court in that case is applicable here and that its decision is controlling upon the question presented. For these reasons we hold that the fee to the strip in question passed by the deed subject only to a right in plaintiffs, their heirs and assigns, to the full use of the strip as a right of way for road purposes.

For these reasons the decree appealed from will be modified so as to conform to what we have here said but without costs to either party upon this appeal.

MODIFIED.

BROWN and BELT, JJ., did not participate in this opinion.