Argued December 2, 1959, affirmed and remanded
February 3, 1960

CLYDE ET UX *v.* WALKER ET UX
348 P. 2d 1104

*George L. Hibbard,* Oregon City, argued the cause for appellant. On the briefs were Beattie, Hibbard, Jacobs & Caldwell, Oregon City, and Edgar L. Martin, Sandy.

*John O. Sheldahl,* Oregon City, argued the cause for respondents. On the brief were Sheldahl & Misko, Oregon City, and Walter E. Parent, Santa Barbara, California.

Before McAllister, Chief Justice, and Rossman, Perry and Redding, Justices.

PERRY, J.

This is a suit for a declaratory judgment to determine the rights of the parties in and to standing timber situated in Clackamas County, Oregon, arising

out of a deed of conveyance from the defendants Walker to the plaintiffs Clyde. The trial court found in favor of the defendants and the plaintiffs appeal.

The record discloses that on November 8, 1948, the defendants, as grantors, executed their deed conveying certain lands in Clackamas county to plaintiffs, as grantees, which deed contained this clause:

> "Reserving to grantors, all the standing timber on the East one-half of the East one-half of the Southeast quarter of the Southeast quarter of Section 27 and the West one-half of the Southwest quarter of Section 26 Township 2 South of Range 5 East of Willamette Meridian and right of ingress and egress over all lands for the purpose of logging and removing the same."

The record further discloses that the timber has not been removed.

The plaintiffs contend that by reason of the failure of defendants to remove the timber within a reasonable time defendants' rights therein have been forfeited. The defendants contend the clause in the deed is an exception and not a reservation, that the timber never passed to the grantees and, therefore, is unaffected by the passage of time. Defendants also contend, if affected by the passage of time, they were prevented from removing the timber by the conduct of the plaintiffs and equity and justice requires that they be granted a reasonable time after plaintiffs' adverse conduct ceases in which to remove the timber.

The distinction between a reservation and an exception has been described in *Rall et ux. v. Purcell et ux.*, 131 Or 19, 21, 281 P 832, as follows:

> "The office of an exception is to take something out of the thing granted that would otherwise pass

by the deed. It is a part of the thing which is included in the general terms of the grant but because of a provision made in the deed is excluded from the grant and remains in the grantor by virtue of his original title, while a reservation creates a new right in the thing granted which was not in existence at the time of the making of the grant and was originated by it."

With reference to the effect of a reservation or exception, as applied to timber, the divergence of views of the courts is summarized in 34 Am Jur 518, Logs and Timber § 41:

"As to whether a reservation or exception of timber gives the grantor of the land a title in perpetuity or a limited fee required to be exercised within a limited time by removal of the timber, there apparently exists a difference of opinion as in the case of grants of timber. While this is partly explainable by a difference in the phraseology of the instruments under discussion, it is also due in part to a difference in the rule of law applied. According to some courts, where a deed contains a clause reserving certain timber to the grantor of the land, without any provision as to the time of cutting, or with nothing to indicate that a severance from the realty was contemplated, there is more than a mere reservation of the right to cut and remove timber, and the grantor actually excepts the timber from the deed of the land, with the result that title remains in him and is not lost by a failure to cut and remove within a reasonable time. Some courts, however, require a plainly manifest intention to reserve a perpetual right of removal, on the ground that the right is unreasonable. In a few states it is held that a grantor's failure to remove the timber within a reasonable time results in the loss of his right of entry upon the land, although title to the timber remains in him. The doctrine that the grantor, by a failure to remove, loses merely his right of entry, and not

his title, has also been applied by some courts where the contract provided for removal within a specified time.

"On the other hand, some of the decisions take the view that where an exception of certain timber has been inserted in the deed to land without any limitation of the time of removal, a reasonable time only will be allowed for such removal. Also, most courts hold that when the right to remove trees under a reservation or exception is limited to a specified period, the grantor is bound to remove within the time limited or lose his rights. He does not hold absolute and unconditional title to the timber so reserved, and so much of it as remains unsevered at the expiration of the time limited becomes the property of the owner of the land at that time. It has been so held regardless of whether the title to the timber passed with the deed, or the clause constituted a reservation or an exception. Under this view both the right of property in the trees and the right of entry to cut and remove are gone."

This court, speaking through Mr. Justice Rossman, in *Coquille M. & T. Co. v. Dollar Co.*, 132 Or 453, 466, 285 P 244, set forth the rule applicable in this jurisdiction as follows:

"* * * the rule has been many times enunciated, that one who claims an unlimited and perpetual time for removal of timber from the land of another, must establish it by clear and definite language in his deed or contract. Thus the court of our sister state, in which logging is also a major activity, has said:

'Parties may so frame their contract as to give the purchaser of timber an unlimited time for its removal; but if this be the intention, it must be clearly and definitely expressed. Such a conveyance has the effect of practically ousting the owner of the soil from its use and enjoyment, and the law

will not presume this to be the intent of the parties, unless the contract of sale clearly requires such a conclusion.' Hendrickson v. Lyons, 121 Wash. 632 (209 P. 1095).

"From Cummer v. Yager, 75 Fla. 727 (79 So. 272, we quote: 'Although it is generally held that the parties to an agreement may, if they choose, make a contract whereby one will be entitled to a perpetual right to enter upon the land of the other and remove timber therefrom, it has been held in the majority of the decisions, and, as we have seen, this court is in accord with this holding, that such an agreement is so unreasonable in its nature that no contract will be held to have this effect unless it is plainly manifest from its terms that such was the intention of the parties.' "

■ An examination of the disputed clause shows no intention of the grantors in "clear and definite" language to retain in perpetuity either the timber or the right of ingress and egress to remove the same. The result is, the instrument being silent as to the time of removal, the law allows the defendants a reasonable time for removal of the timber and if defendants fail to remove the timber in a reasonable time without lawful excuse their rights are terminated. *Coquille M. & T. Co. v. Dollar Co.*, supra; see also annotations 15 ALR 93, 31 ALR 951, 71 ALR 157, 164 ALR 440.

■ The law recognizes that when the owner of the soil has wrongfully interfered with the right of a party to remove his timber equity will by decree grant a reasonable time in which to remove the timber after the interference has ceased. *Schroeder et ux. v. Toedtmeier et al.*, 184 Or 561, 200 P2d 606; *Stacey v. Stacey*, 250 Ala 187, 33 So2d 898; *National Bank of Newberry v. Livingston*, 164 SC 2, 161 SE 769; *Halla v. Rogers*, 176 F 709, 100 CCA 263.

Litigation which poses a threat to the right of a party to the title or right to remove the timber is recognized as interference. *Schroeder v. Toedtmeier,* supra; *Roberson v. Little,* 200 Ala 582, 76 So 940; *Cooksey v. Hartzell,* 120 Ark 313, 179 SW 506; *Kimsey v. Posey,* 148 Ky 54, 145 SW 1121; *Jones v. Gibbs,* (Tex) 130 SW2d 274; *Bond et al. v. Brown et al.,* 2 F2d 797.

██ The facts of this case disclose that shortly after the deed was executed plaintiffs became dissatisfied with the transaction and contacted Hugh M. Lindsay, an attorney, in Santa Barbara, California. He, in turn, contacted Mr. Walker, one of the defendants, advised him of the claims made by plaintiffs, and said a suit would be brought if a compromise could not be worked out. Suit was filed September 8, 1949, in the Superior Court of California, which sought, among other relief, to reform the deed relative to the timber in question. Several amended complaints were filed and a demurrer to the last amended complaint was sustained June 14, 1954. Plaintiffs were given ten days to plead further. Plaintiffs did not plead further, but no final judgment was entered.

Defendants submit the suit in the California court was pending when the present suit was brought, while plaintiffs contend that the California litigation had terminated and a reasonable time had elapsed in which to remove the timber before the present suit was commenced.

Plaintiffs' contention that the California litigation had terminated is based upon section 583 of the California Code of Civil Procedure which provides for mandatory dismissal of actions not brought to trial within five years after commencement.

In *Berri v. Superior Court,* 43 Cal2d 856, 279 P2d 8, the Supreme Court of California clearly enunciates the rule that section 583 does not apply to the situation here presented so as to require a mandatory dismissal because of the lapse of five years. In that case, 43 Cal2d 856, 859, 279 P2d 8, 11, the court stated:

"* * * The essential thing is that the action be brought to a stage where final disposition is to be made of it. Actions can be finally disposed of by an order sustaining a demurrer and the entry of an ensuing judgment dismissing the action. It is true that an order sustaining a demurrer without leave to amend is not appealable as it is not the final judgment in the case * * * and that the trial court may reconsider its ruling after such an order but before judgment and come to a different conclusion. Bank of America Nat. Trust and Savings Ass'n v. Superior Court of Los Angeles County, 20 Cal.2d 697, 128 P.2d 357; Frantz v. Mallen, 204 Cal. 159, 267 P. 314; Davis v. Stroud, 52 Cal. App. 2d 308, 126 P. 2d 409; De La Beckwith v. Superior Court of Colusa County, 146 Cal. 496, 80 P. 717. Ordinarily, in the absence of a request for a reconsideration, after a demurrer is sustained without leave to amend, as here, no formal motion to dismiss the action is necessary. The entry of a judgment of dismissal follows as a matter of course. It is only by the entry of the judgment that plaintiff is in a position to test the correctness of the court's ruling since there is no appeal from a ruling on a demurrer but only from the ensuing judgment. Michaels v. Mulholland, 115 Cal.App.2d 563, 564, 252 P. 2d 757. Where a demurrer has been sustained without leave to amend, or the time given to amend has expired, the matter has reached such a stage that a final determination of the action is contemplated, and hence section 583 does not require a dismissal because of the lapse of five years since the commencement of the action. There is nothing in the instant case to indicate other than

that the case is to be finally disposed of on issues of law—by way of demurrer. Cf. Superior Oil Co. v. Superior Court of Kings County, supra, 6 Cal. 2d 113, 56 P2d 950."

As held in *Jackson v. Jackson*, 71 Cal App2d 837, 163 P2d 780, the authority of an attorney to act for his client while he remains attorney of record extends to any steps of an action or proceeding, or motion for a new trial, or for the purpose of enforcing a judgment or setting it aside. *Wells Fargo & Co. v. City of San Francisco*, 25 Cal2d 37, 152 P2d 625, held the attorney of record has the exclusive right to appear in court for his client and to control court proceedings, so that neither the party himself (*Anglo-Calif. Trust Co. v. Kelly*, 95 Cal App 390, 272 P 1080) nor another attorney (*Johnston v. City of San Fernando*, 35 Cal App2d 244, 95 P2d 147; *Drummond v. West*, 212 Cal 766, 300 P 823) can be recognized by the court in the conduct or disposition of the case. *Davis v. Rudolph*, 80 Cal App2d 397, 181 P2d 765.

The record fails to disclose any act or acts by defendants' attorney which were inconsistent with the exercise of good judgment in the conduct of the California litigation. It is not for us to say he was remiss in failing to move for final judgment.

It clearly appears from the record in this case that had the plaintiffs prevailed in the California litigation the defendants would have been liable in double or treble damages had they removed this timber. We, therefore, affirm the decree of the trial court awarding the timber to the defendants with right of removal within a reasonable time.

The trial court did not determine what was a reasonable time, for a then sufficient reason. This should

now be done. The cause is remanded to the trial court for that court to determine upon the record, or upon such further proof as the parties may present, what is a reasonable time for the removal of the timber and for further proceedings not inconsistent with this opinion.

Neither party shall recover costs in this court.