R. A. GOODRICH and H. R. MYERS, Appellants, v. THE MAY-
OR AND COMMON COUNCIL OF THE CITY OF MARYS-
VILLE, Respondents.

.A trial before a referee should be conducted in the same manner as before a Court,
and the evidence should be embodied in a bill of exceptions, and certified by
the referee.

If the order of reference fails to direct a return of the evidence to the Court, the
party objecting to the report must see that such testimony as he relies on is
properly certified.

It is error for the Court to set aside the report of a referee, upon an examination
of testimony which was not properly before it.

The facts found in the report of a referee are conclusive in the absence of the
testimony, or where the testimony is not properly brought before the Court.

The report of a referee cannot be attacked, except for error or mistake of law,
apparent on its face, or by motion for new trial upon exceptions taken at the
trial, or the evidence certified.

It would be a gross abuse of discretion for a Court to set aside a report of a re-
feree, correct in all its parts, without any other apparent reason than the mere
volition of the judge.

APPEAL from the District Court of the Tenth Judicial District, Yuba
County.

The facts material to the points decided appear in the opinion of the
Court.

*Stephen J. Field,* for Appellant.

1. A report of a referee can only be set aside for errors of law or
fact apparent upon its face. The statement has no certificate of the
Judge of the Court, or of the referee who tried the cause, and it is
impossible to determine what the evidence was that was taken before
the referee; it should have been embodied in a bill of exceptions. Ty-
son v. Wells, 2 Cal., 122. Headley v. Reed, Ib., 323.

2. The report of a referee can only be set aside on two grounds:
First, fraud; Second, gross error of law. In this case, there is no
fraud attempted to be shown. The error, then, if any exist, must be

gross error, and not such error as would lead a Court to grant a new trial in a case tried by a jury, or before the Court.

For even great errors, a report will not be disturbed. The error must be so gross as to induce the inference of fraud, or utter ignorance, and this error must be apparent upon the face of the report. 1 Steph. N. P., 72. Morgan v. Mather, 2 Ves., 15. Chase v. Wetmore, 13 East., 357. Armstrong v. Marshall, 4 Dowl. P, C.

*E. D. Wheeler*, for Respondent.
To the points decided, cited no authorities.

MURRAY, C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

This is an appeal from an order of the Court below, setting aside the report of a referee, and granting a new trial. The record does not contain any bill of exceptions taken on the trial, neither is the evidence preserved and authenticated in such a way as to make it record in this case.

We have repeatedly held, that a trial before a referee should be conducted in the same manner as though it was had before a Court, and that the evidence must be embodied in a bill of exceptions, and certified by the referee. In case the order of reference fails to direct a return of the evidence to the Court, the party objecting to the report must see that such testimony as he relies on is properly certified.

A Court ought not to set aside a report upon loose statements of what the evidence was upon the trial. In the present case, the report was set aside by the Court below, either upon an examination of testimony, which was improperly before it, or, on account of some supposed mistake of law or fact, patent on the face of the report. If on the first ground, it was error; if on the second, it was equally erroneous in our opinion;—for, taking the facts thus found as conclusive, which we are bound to do in the absence of the testimony, the conclusions of law are properly drawn, and the report should not have been disturbed.

While we hold, that we will not review the discretion exercised by inferior Courts in granting new trials, except in cases of an abuse of that discretion, we have repeatedly decided, that the report of a referee

cannot be attacked, except for error or mistake of law or fact, apparent upon its face, either to be shown by exceptions taken at the trial, or by a statement of the evidence properly certified. And it would be a gross abuse of discretion, for the Court to set aside a report correct in all its parts, without any reason apparent, other than the mere volition of the Judge. Such a power thus uncontrolled, would be dangerous, no matter where lodged.

We have no doubt that the Court in this case acted upon what was supposed to be the authenticated testimony taken before the referee; and we regret that the evidence is not properly before us. Regarding, however, the report alone, we hold that the Court below erred in setting it aside. The order is reversed, and the Court below directed to enter a final judgment in favor of the plaintiff for the amount reported.