[S. F. No. 485. Department One.—May 9, 1896.]

GEORGE E. WHITE, APPELLANT, *v.* FRANKIE WHITE, RESPONDENT.

<div style="float:right">112   577<br>136   498</div>

APPEAL—DISMISSAL—FAILURE TO FILE TRANSCRIPT—DISALLOWANCE OF BILL OF EXCEPTIONS.—An appeal will be dismissed for failure of the appellant to file the printed transcript within forty days after the refusal of the superior court to settle or certify any bill of exceptions, which must be regarded, for the purposes of the rule, with the same effect as its settlement.

ID.—PENDENCY OF MOTION TO DISMISS—EXTENSION OF TIME.—The pendency of a motion to dismiss an appeal does not, of itself, extend the time within which the appellant is required to file his transcript.

ID.—BILL OF EXCEPTIONS—FINDINGS—DECREE—NOTICE OF APPEAL—UN- DERTAKING.—Neither the findings of fact and conclusions of law, nor the decree entered thereon, nor the notice of appeal, with proof of service, nor the recital that a sufficient undertaking on appeal had been filed with the clerk, can be properly included in a bill of exceptions.

MOTION to dismiss an appeal from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*Barclay Henley,* and *T. C. Spelling,* for Appellant.

*Henry E. Highton, William T. Baggett,* and *Walter H. Linforth,* for Respondent.

HARRISON, J.—Motion to dismiss the appeal for failure to file the transcript within the time prescribed by rule II of this court.

The judgment from which the appeal is taken was entered in the superior court February 9, 1895, and the appeal therefrom was perfected April 13, 1895. The plaintiff gave notice of his intention to move for a new trial on the 19th of February, 1895, and on March 29th served his proposed bill of exceptions and statement of the case on said motion, to which the defendant proposed amendments. December 6th the proposed bill and amendments came on for settlement before the judge, and he, deeming that the proposed bill did not correctly set forth the proceedings had in the case, outlined the nature of the bill which he would settle, and directed the plaintiff within sixty days from that date to prepare and serve upon the defendant a bill of exceptions in accordance therewith, and gave to the defendant thirty days thereafter within which to propose amendments thereto, after which the usual and statutory proceedings in reference to settlement were to be had. Under this order the plaintiff served his proposed bill of exceptions upon the defendant January 27, 1896. The defendant proposed no amendments thereto, but on February 17th moved the judge to disallow the same, and, after argument thereon in behalf of the respective parties, this motion was granted and an order made by the judge disallowing the said bill of exceptions. Thereafter, March 2d, the appellant presented the same *ex*

*parte* to the judge, and requested him to settle and certify the bill, or to fix a day for such settlement, and upon such application the judge refused to settle or certify the same or any bill of exceptions.   No statement or bill of exceptions having been filed, the motion for a new trial was denied February 17th, and no appeal has been taken from that order.   After the refusal of the judge to settle the bill of exceptions, the appellant took no further steps or action toward obtaining its settlement, or for the filing of a transcript in this court, and on April 7th the respondent gave notice to the appellant of the present motion to dismiss the appeal.

Rule II of this court requires the appellant to file a transcript of the record within forty days after the appeal is perfected, and the bill of exceptions and the statement (if there be any) are settled; and by rule V it is provided that if the transcript be not filed within the time prescribed, the appeal may, on motion of the respondent and notice thereof to the appellant, be dismissed.   Upon such motion the respondent is only required to show in the first instance that more than forty days have expired since the perfecting of the appeal, and, in the absence of any further showing on the part of the appellant, the appeal will be dismissed.

The rule, however, provides that, if there be a bill of exceptions or statement, the appellant may have forty days after the same is settled within which to file the transcript.   As such a case creates an exception to the time limited by the rule, the burden is upon the appellant to show that he is within the exception, and he must show the existence of such facts as will enable him to avail himself of the exception—either that a bill of exceptions or a statement has been settled, and that forty days have not elapsed since the date of its settlement, or that proceedings for its settlement are still pending before the judge.   If the time within which the bill of exceptions or statement may be proposed or settled has not expired, or if proceedings for its settlement are still pending before the judge and undetermined by him,

the appellant cannot be said to be in default for failure
to comply with the rule for filing the transcript. A re-
fusal of the judge to settle the proposed bill, or a dis-
allowance of the same after proceedings for its settlement
have been taken before him, should be regarded for the
purposes of the rule with the same effect as its settle-
ment. The appellant would not know until such action
by the judge that the bill would not be settled, and a
reasonable construction of the rule would allow him the
same time after such disallowance within which to file
the transcript as if the bill of exceptions had been set-
tled at that date instead of being disallowed.

In the present case the bill of exceptions was dis-
allowed by the judge February 17, 1896, and the appel-
lant thereafter took no steps to review this action of the
judge, or looking toward the settlement of the bill, and
the present motion was made after the expiration of forty
days therefrom. The fact that a previous motion to dis-
miss the appeal was pending did not of itself extend the
time within which the appellant might file the trans-
cript. Whether the pending of such motion would have
been deemed by the court a sufficient ground for extend-
ing the time for filing the transcript need not be con-
sidered. The appellant made no application for such
extension, and the respondent is entitled to enforce the
rights conferred upon him by the rule. (*Shain* v. *Peo-
ple's Lumber Co.,* 98 Cal. 120.)

The document which was presented to the judge for
settlement as a bill of exceptions consisted of the "find-
ings of fact and conclusions of law" made upon the
hearing of the application for a supplemental and final
decree, together with the "decree" entered thereon,
from which the present appeal was taken; and also
a copy of the notice of appeal with proof of its ser-
vice, and a recital that a sufficient undertaking on ap-
peal had been filed with the clerk. Neither of these
matters could be properly included in a bill of excep-
tions. The two first were already matters of record, and
did not need the authentication of the judge in a bill of

exceptions in order to have them considered upon appeal; and the notice of appeal and undertaking on appeal were made subsequent to the matter appealed from, and could in no way have affected the action of the court.

The motion is granted.

GAROUTTE, J., and VAN FLEET, J., concurred.