[L. A. Nos. 1487, 1488. Department One.—January 24, 1906.]

FRANK ELLIS et al., Appellants and Respondents, v. H. C. WITMER et al., Respondents and Appellants.

APPEAL — REVERSAL — ALLOWANCE OF AMENDMENTS TO COMPLAINT— POWER OF LOWER COURT NOT AFFECTED.—The allowance by this court upon appeal, in remanding a cause, of certain designated amendments to the complaint, though it makes such amendments obligatory, in the absence of any showing of new facts justifying a refusal, does not in any respect affect the power of the lower court, which existed after the granting of a new trial, as well as before issue joined, to allow such amendments as justice demands.

ID.—LAW OF CASE—INVALID SALE UNDER STREET BOND—VALIDITY OF BOND AND ASSESSMENT—AMENDMENT OF COMPLAINT.—The decision

upon the former appeal in this case that a certificate of sale issued upon default in the payment of a street bond was invalid, is the law of the case; and the decision that the bond and assessment are valid is also the law of the case so far as the objections there set up to their validity are concerned, but does not conclude this court with respect to objections thereto made for the first time in the subsequent amendment to the complaint.

ACTION TO QUIET TITLE—BOND AND ASSESSMENT OWNED BY DEFENDANT — CHANGE OF POSITION — ESTOPPEL — JUDGMENT. — Where at the time of the commencement of an action to quiet title, a defendant who held a void certificate of sale, and who was in equity the owner of the street bond and assessment under which the void certificate was obtained, was entitled to enforce a lien therefor upon the land of plaintiffs, and to receive compensation therefor; but after its commencement, by accepting and keeping a trust fund as the assignee of plaintiffs' grantor, who had no interest therein except upon the established invalidity of the assessment, such defendant so changed his position that he is estopped to deny its invalidity, and the plaintiffs are entitled to judgment quieting their title against such defendant, without paying him any compensation on account of such bond and assessment.

ID.—AGREED STATEMENT OF FACTS—WAIVER OF SUPPLEMENTAL COMPLAINT.—Where the case was submitted upon an agreed statement of facts, under a stipulation that no objection should be made to any of the facts stated on the ground of variance between the proof and the pleadings, but that the lower court and this court upon appeal should hear and determine the cause the same as if the pleadings had been by leave amended so as to make the facts come within the issues made by the pleadings, this must be understood to include such stipulated facts occurring after the commencement of the action as might properly have been stated in a supplemental complaint.

CROSS-APPEALS from a judgment of the Superior Court of Los Angeles County. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

A. B. McCutchen, for Appellants.

Lynn Helm, for Respondents.

SHAW, J.—The complaint in this action, in legal effect, states a cause of action against the defendants to quiet title to a tract of land. The defendant Donegan was made a party to answer as to a possible interest, which it appears he did not have, and no further reference need be made to him

CXLVIII Cal.—34

in his character as a party. The action was tried by the
court upon an agreed statement of facts which stands in lieu
of findings; judgment was given declaring that the plaintiffs
were the owners in fee of the land, and that, upon the payment
by plaintiffs to the defendant Witmer, or into court for him,
of the sum of $251, there should be a final judgment in favor
of plaintiffs against the defendants, quieting the plaintiffs'
title against all claims of the defendants. From this judgment
both parties appeal.

The claim of the defendants to the land was based solely
on a bond issued upon a street assessment levied for an
improvement of the street under the Vrooman Act and its
amendments, and a sale made in pursuance of such assessment
and bond. The case was before this court heretofore on an
appeal by the then defendants, H. C. Witmer and W. A. Hart-
well, city treasurer of the city of Los Angeles. Upon that
appeal certain alleged defects in the proceedings on which
the street assessment was based were declared by this court
to be insufficient to invalidate the assessment, the sale in pursu-
ance of the provisions of the bond act was declared invalid
because the notice of sale was defective, the complaint was
held insufficient for want of an averment of an offer to pay
such sum as should be found justly due on the bond from
the plaintiffs to Witmer, the judgment was reversed and
"the cause remanded for further proceedings in accordance
with this opinion." (*Ellis* v. *Witmer,* 134 Cal. 249, [66 Pac.
301].) In the opinion the court says respecting the defect
in the complaint: "On this account the judgment must
be reversed. But, on the case being remanded, the plaintiffs
may, if so advised, amend their complaint by offering to
pay into the court such portion of the tax as may be deter-
mined by the court to be due upon their land, which, as
the case is now presented to us, would seem to be three eighths
of the whole, though we are not to be understood as
definitely determining this point. . . . If the complaint
be not amended, judgment should be entered for the de-
fendants." When the case was remanded the plaintiff filed in
the superior court an amended complaint, to which the city
treasurer, Hartwell, was not made a party. The amendments
consisted of certain allegations relating to a possible interest
in the defendant, Donegan, the making Donegan a party

defendant, and the addition of allegations relating to a defect in the proceedings for the street improvement occurring prior to the assessment but not previously alleged, and which, it is claimed, render the assessment void, and the averment of facts upon which, it is claimed, the defendant. Witmer is estopped from asserting any lien upon the land. (It should be remarked that in the former opinion it was expressly stated that Donegan should be made a party, and there is no objection to the amendment making him a party.)

The defendant Witmer contends that the effect of the judgment and opinion of this court upon the former appeal is such that the superior court, in the subsequent proceedings, had no power to allow any amendment to the complaint, other than those expressly allowed as aforesaid in the opinion of the supreme court. Upon this theory he moved the court below to strike out the other amendments, the denial of which motion he assigns as error. This would be carrying the doctrine of the law of the case entirely beyond its proper limits and farther than is warranted by any decision of this court. When on appeal the supreme court remands a case for a new trial or for further proceedings, the law as laid down in its opinion becomes the law of the case, and cannot afterwards be disputed by either of the parties, nor disregarded even by this court, although it may subsequently appear that it was erroneous. But this rule applies to the case, in its subsequent course, only so far as the case then presents the same facts and involves the same principles of law. The former judgment and opinion of this court do not constitute an adjudication of the rights of the parties controlling the subsequent proceedings in the case to the same extent as a final judgment in another action would be an adjudication, so that parties are thereby estopped as to their rights to the things determined, although they may discover, or be able to present to the court below, new facts or evidence, which may affect their rights, or make a case different from that which was presented on the former appeal. They do not in the least limit the power of the superior court, in its discretion, to permit further amendments of the pleadings, by either party, presenting additional facts which may entitle such party to relief which the facts originally alleged did not warrant. No express leave to per-

mit such further amendments need be given by the supreme court in order that the superior court shall have power to allow them. It would require, at least, an express decision in the case by the supreme court, to the effect that an amendment which would otherwise be proper should not be made in the court below, to take from that court its ordinary powers to allow such amendments as appear to be in furtherance of justice and necessary or proper to enable the parties to present their whole case on the merits. The opinion in question contains no such declaration. It merely directs the superior court to allow certain designated amendments. This made it obligatory on that court, in the absence of any showing of any new facts which might have justified a refusal to do so, to give leave to the plaintiff to make the amendments mentioned, but did not in any respect affect its power, which exists after the granting of a new trial as well as before issue joined, to allow such amendments as justice demands. The motion to strike out the additional amendments to the complaint was properly denied.

To give a clear understanding of the points arising on the merits of the case it is necessary to make a statement of facts. The street assessment was made in 1892, and the bond was issued thereon in January, 1893. The proceedings were taken under the Street Assessment Act of 1885 and amendments thereto and the Street Bond Act of 1891. (Stats. 1891, p. 116.) At that time the six and one half acres of land here involved was part of a larger tract of seventeen and one half acres, which was owned in common by the predecessors of plaintiff and of Witmer Bros. Company, a corporation, respectively, those of the plaintiffs owning three eighths and those of Witmer Bros. Company owning five eighths thereof. In March, 1893, the land was divided, and the six and one half acres set off in severalty to plaintiffs' predecessors, and the remaining eleven acres to the other tenants in common. In June, 1893, Witmer Bros. Company, having become the owner of the eleven acres, began a suit in the superior court against the city treasurer and Donegan, the contractor, who held the street-improvement bond, to test the validity of the assessment and bond. One Labory acquired title to the six and one half acres, and on November 19, 1894, was about to

sell the same to one Nelson, who demanded some protection or security against the lien of the assessment and bond. For this purpose Nelson deposited $1,390, as part of the price he was to pay to Labory, in the California Bank, and Nelson, Labory, Witmer Bros. Company, and the bank executed the following written agreement concerning the deposit:—

"California Bank—Gentlemen: We herewith hand you $1,390.00 to be held by you in escrow to abide the result of the contest now going on as to the validity of bond for $3,168.10 issued in payment for street assessment affecting division B of lot 1 of block 26 of Canal and Reservoir lands of the city of Los Angeles, for grading, graveling and curbing First Street under Los Angeles city ordinance No. 1,063. It being the intention of this deposit that it shall pay three eighths of such bond, if the same is determined to be valid and a lien upon said division B of lot 1, block 26, aforesaid, the other five eighths of such bond to be paid by Witmer Bros. Company. In the event that it is finally determined by the courts that such bond creates no lien upon such property, then the money deposited is to be paid to Leonard Labory, less three eighths of costs and attorney's fees in contesting the validity of such bond, which amount of costs and attorney's fees are to be retained by the California Bank to satisfy such portion of costs and attorney's fees."

Labory thereupon conveyed the six-and-one-half-acre tract to Nelson. The "contest now going on as to the validity of the bond," referred to in this agreement, was the aforesaid suit of Witmer Bros. Company against the city treasurer and Donegan. On December 31, 1897, default having been made in the payment of the bond, the city treasurer, in manner as prescribed by law, and to enforce payment of the bond, sold the entire tract of seventeen and one half acres to D. F. Donegan for $4,435.34, that being the full sum then due on the bond, and issued to Donegan a certificate of said sale, purporting to entitle Donegan or his assigns to a deed at the expiration of one year if no redemption was made from the sale. On June 28, 1898, the defendant H. C. Witmer obtained from Labory an assignment of all the interest of Labory in the said deposit of $1,390 in the California Bank, and on July 11, 1898, he purchased from Donegan for the sum of four

thousand dollars the certificate of sale issued to Donegan under the street-assessment bond. These purchases were made by Witmer with full knowledge of all the facts affecting the rights of Nelson and of the plaintiffs, who on July 2, 1898, purchased of Nelson the six and one half acres, and succeeded to his interest in the deposit of $1,390 and to his rights under the agreement concerning the same. On August 1, 1898, the plaintiffs offered to pay Witmer, in satisfaction of his claim on their land by virtue of the certificate, three eighths of the sum paid for the same, with interest, which payment he refused to accept. They then offered him three eighths of the full amount of the bond and interest, and met with a like refusal. A few days thereafter, he began an action against the plaintiffs to enjoin them from committing waste on the land, grounding his action on the proposition that the bond and the sale thereunder were valid. While that action and also the action of Witmer Bros. Company to test the validity of the bond and sale were pending and undetermined the plaintiffs began the present action to declare the sale and bond invalid as against their land. The original complaint was filed herein on December 23, 1898. Thereafter, on May 2, 1899, Witmer, as manager of the Witmer Bros. Company, a corporation, dismissed the suit of that company against Donegan and the city treasurer to test the validity of the bond and assessment, and on August 2, 1899, as an individual, and as assignee of Labory, he demanded and received from the California Bank the deposit of $1,390 made by Nelson, subject to the agreement of November 19, 1894. The decision of this court on the former appeal, that the certificate of sale to Donegan upon default in the payment of the bond was void and the sale invalid, is now the law of the case. The sale must therefore be considered as void. The decision also declares that the bond and assessment is valid, and this also is the law of the case so far as the objections there set up to their validity are concerned, although it does not conclude us with respect to objections thereto, made for the first time in the subsequent amendment to the complaint.

Assuming the validity of the bond, the rights of the parties at the time the action was begun are obvious enough. Witmer was the holder of the certificate and, as the sale was void, he

became, in equity, the holder of the bond.  The bond was sub-
ject to payment by any party interested.  In the absence of
any facts which would make it inequitable, however, he had
the legal right to insist on full payment, and was not bound
to accept a payment of three eighths of the amount he had
paid, nor even three eighths of the face of the bond, in
discharge of the lien on three eighths of the land.  The remedy
of the owner of a part of the land would be to pay the full
amount of the bond and compel contribution from the owners
of the other parts, with perhaps a lien in equity on the other
land as security.  Nor would the fact that Witmer Bros. Com-
pany was a party to the agreement of November 19, 1894,
and thereby agreed that the deposit should pay three eighths
of the bond, and that it would pay the other five eighths
thereof, operate to bind Witmer individually, as holder of
the bond, to accept part payment from plaintiffs and look to
Witmer Bros. Company for the balance.  And we do not per-
ceive that the facts shown in the agreed statement, that he
was a large stockholder in, and the managing officer of,
Witmer Bros. Company, and had control of its funds, change
his position or rights in this respect.  As purchaser of the
bond with his own funds, he had the same right as any other
purchaser would have to the benefit of any discount he
obtained, and to insist on payment of the whole sum due
thereon, certainly as against the plaintiffs, and possibly as
against Witmer Bros. Company.

It is contended, however, that Witmer Bros. Company, by
the agreement of November 19, 1894, was in duty bound to
prosecute to final judgment the action to test the validity of
the bond for the benefit of Nelson and his successors in inter-
est, and that Witmer, in his capacity as manager of that
corporation, was charged personally with this duty of the
corporation towards plaintiffs, and that under these circum-
stances, as he could not separate his personality as manager
of the corporation from his personality in other respects, and
thus become a dual person, he was in effect a trustee of plain-
tiffs as well as of Witmer Bros. Company as to the subject-
matter of the suit, and cannot be allowed to gain any advan-
tage by any personal bargain in buying the bond or certificate,
and would not be entitled to demand the full face of the

bond, but only the sum he actually paid for it, with interest. This presents an interesting question, but in view of the matters occurring after the beginning of the action, and the manner in which the case was presented to the court below on the last trial, presently to be noticed, we find it unnecessary to decide it. In the agreed statement of facts, on which the case was submitted to the court below for decision, it was stipulated that no objection should be made to any of the facts stated, on the ground of variance between the proof and the pleadings, but that the lower court, and this court on appeal, should hear and determine the cause the same as if the pleadings had been, by leave, properly amended so as to make the facts come within the issues made by the pleadings. This must be understood to include any facts which could properly have been stated in a supplemental complaint, and in effect it presents the case upon all the stipulated facts including those occurring after the beginning of the action.

By his subsequent conduct Witmer has put himself in a position substantially different from that occupied by him when the action was begun. The $1,390 deposited in the California Bank was a trust fund which, by the terms of the trust, could only be devoted to certain specified purposes. According to the agreement, if the bond was valid the fund was to be used to pay three eighths of the amount due thereby, and Witmer Bros. Company was to pay five eighths thereof. Labory was not to have any interest in this fund, except in the contingency that the bond should be declared invalid, in which event it was to be paid to him, less three eighths of the cost of the litigation pending. If Labory had purchased the bond and had then obtained possession of the $1,390 deposited by his grantee, Nelson, to pay three eighths of the bond and protect the land against the lien, it seems clear that Labory could not enforce payment of the bond against the land of Nelson while at the same time retaining the money, which had been set apart, out of the purchase price Nelson was to pay, in trust to pay three eighths of such lien. It is apparent that by the terms of the sale from Labory to Nelson the land was to go to Nelson free from this lien. If valid, the money was to be used to discharge it; if invalid, the money was to be paid to Labory, as for the remainder of the purchase price,

which in that case would be due to him. Donegan was not a party to the agreement concerning the money, and, as holder of the bond, he had no right to this specific fund. Hence, if Labory had purchased the bond he would not, as holder thereof, have acquired any right to the money. He could have no right to the money except under the agreement, which gave him the right to it only upon the condition that the bond proved invalid. Consequently, if, after buying the bond, he had also demanded and received the money, he would be bound to stand by the condition upon which alone he could become entitled to it, and would be forced to admit, for the benefit of Nelson and his successors, that the bond was invalid. If Labory could not do otherwise than this, it is equally clear that it could not be done by his assignee. He could not, by selling his contingent right to the money, enable his assignee to do what he could not do himself—to buy the bond, receive and keep the money, and hold the bond as a valid lien. It should be stated in this connection that Witmer demanded and received the money from the bank upon the statement that he was the assignee of Labory, that the superior court had held that the bond was not a lien on the land, and that in consequence thereof he, as assignee of Labory, was entitled to receive the money. He has therefore by this purchase of the right of Labory, and by the receipt of the money in that right and by insisting on his right to keep it, put himself in the place of Labory, and is consequently estopped from holding the bond as a lien on this land. Having no right to the specific money as bondholder, and no right to it as assignee of Labory, except on the condition that the bond has proved to be invalid, he cannot keep it on any other condition, and having elected to keep it, he must admit the invalidity of the bond. If he chooses to found his right to the money on the fact of his holding the bond, he can keep it in that capacity only on the condition named in the agreement whereby it was deposited,—that is, in effect, that it was to pay three eighths of the bond and discharge the lien thereof upon this land. In either case he has no claim or lien upon the land of plaintiffs. It follows that the plaintiffs have the right to a judgment against the defendants quieting their title to the land against all claims of the defendants, and that the judgment should

not have required them, as a condition precedent, to pay to or for Witmer the sum of $251, or any other sum. The theory on which this condition was inserted in the judgment seems to have been that Witmer was entitled as bondholder to demand this fund as part payment on the three eighths of the bond, and that he stood in a fiduciary relation to the plaintiffs and for that reason could not demand from them more than three eighths of the four thousand dollars which he paid for the transfer of the bond to himself. The first branch of this proposition is, as we have stated, incorrect, and as he received the money as successor of Labory, and is thereby estopped, we think the latter part of the proposition is immaterial. We do not think that the complaint states two causes of action, nor that Witmer Bros. Company was a necessary party.

It is unnecessary to consider the effect of the newly alleged defect in the street-improvement proceedings upon the validity thereof. The $1,390, deposited under the agreement of November 19, 1894, was the money of Labory, part of the price of the land sold by him to Nelson, deposited to await the determination of the validity of the proceedings, and to discharge the lien if the bond was valid. In no event was it to be returned to Nelson. If the bond was declared invalid, the money was to be paid to Labory, less expenses. Witmer is therefore now entitled to the money, either as the successor of Labory, on the theory that the bond is invalid, or as successor of Donegan and holder of the bond, on the theory that it is valid. Under the conclusion we have reached, that the plaintiffs are entitled to the land free from any lien of the street assessment and bond, it is a matter of indifference to the plaintiffs, who are not entitled to the fund in either case, whether the bond and assessment are declared valid or invalid.

It is ordered that the judgment of the superior court be modified by striking therefrom all that part of the first clause or paragraph beginning with the words, "And upon paying into court the sum of $110," and ending with the words "Two hundred and fifty-one dollars ($251)," at the close of said paragraph, and also by striking therefrom the following part of the last clause or paragraph thereof, to wit: "Upon paying into court the sum of two hundred and fifty-one dollars

($251), with interest thereon from the date hereof at the rate of seven per cent per annum for said H. C. Witmer, or upon payment of such sum, with interest to said H. C. Witmer,'' and that as so modified the judgment be affirmed.

Angellotti, J., and McFarland, J., concurred.