[L. A. No. 8693. In Bank.—May 9, 1928.]

J. H. FRANTZ, Appellant, v. H. J. MALLEN, Respondent.

C. A. Ballreich for Appellant.

J. Marion Wright for Respondent.

LANGDON, J.—This is an appeal from a judgment of dismissal upon sustaining defendant's demurrer to the complaint without leave to amend.

The complaint, filed December 17, 1924, alleges that "defendant is a resident of Los Angeles county, California, and that during all the time herein mentioned said defendant was a resident of the state of Colorado and during said time the plaintiff was and still is a resident of said state of Colorado."

It is then alleged that plaintiff and defendant entered into a written agreement in Colorado, set out in full in the complaint, by which, in consideration for the purchase of certain shares of stock by plaintiff from defendant for $2,000, defendant agreed to purchase said stock from plaintiff "and pay him $2,500 in cash therefor on or before August 4, 1920." If, on or before August 4, 1920, defendant offered to pay plaintiff $2,500, and plaintiff refused, defendant not to be under any obligation to buy it. Plaintiff bought and paid for the stock.

The complaint then alleges that a week or two prior to August 4, 1920, desiring to turn the stock back and receive the $2,500, plaintiff inquired as to defendant's whereabouts and learned he was in Europe.

That defendant never offered to buy back the stock. That in the fall of 1920, upon defendant's return from Europe, plaintiff demanded the buying back of the stock by defendant, who refused and still refuses.

Soon after this demand, defendant left Colorado and plaintiff "knew not of his residence until some few months since when he learned that he was in Los Angeles county, California."

Judgment is prayed for $2,500 and interest.

The claim sued upon had accrued in August, 1920, and, as stated, the action was begun in December, 1924. The complaint showed, upon its face, therefore, that the statutory period of four years had run. The complaint

contained no allegation, such as absence from the state, etc., to stop the running of the statute. The demurrer, raising the defense of the statute of limitations was, therefore, properly sustained. However, on January 23, 1925, when the order was made sustaining the demurrer, it was done without leave to amend, and plaintiff claims the order was made in the absence of his counsel, so that no request for leave to amend could have been made. On February 16, 1925, plaintiff filed a motion to amend the above order and grant him leave to amend and offered a proposed amendment setting up, upon information and belief, the absence of defendant from the state during the statutory period and the fact that the action was not barred in Colorado, where it had accrued. The court refused to allow the amendment upon the theory that it had lost jurisdiction to do so by its previous order. Since it had jurisdiction to change its judgments during that period, it certainly had jurisdiction to change this interlocutory order upon which final judgment had not been entered at that time.

■ The proposed amendment contained an allegation "that the defendant had not at the time of commencement of this action been a resident of the state of California for a continuous period of four years or lived in said state for said period in that the plaintiff is informed and believes and upon such information and belief alleges that he did not take up his residence or abode in the state of California until long after the first of the year, 1921, and that prior to said time he was not a resident of the state of California, nor was he living therein, but was at said time a resident of the state of Colorado."

It is contended by respondent that this language does not allege that defendant was not physically within the state during the period involved and that such an allegation is necessary. While, technically, he is correct, nevertheless, a liberal construction of the proposed amendment, in the interests of justice, would hold it to allege, sufficiently, physical absence from the state, at least in the absence of demurrer directed to this point.

Respondent contends that plaintiff waited too long before making his motion to amend his complaint. While, perhaps, the plaintiff should have made his motion in less than

three weeks after the order was entered, it does not appear that this delay in any way prejudiced the defendant.

It would seem that in the interests of justice—the cause of action appearing to be a meritorious one—the trial court should have sustained the demurrer and, afterward, upon application of plaintiff, should have allowed him to amend his complaint as proposed. The judgment is reversed with directions to the trial court to permit the plaintiff to amend his complaint.

Preston, J., Waste, C. J., Shenk, J., Richards, J., and Curtis, J., concurred.