[L. A. No. 18340. In Bank. Aug. 11, 1942.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Edmund Nelson, G. L. Berrey, Freston & Files, James A. McLaughlin and Louis Ferrari for Petitioner.

Mitchell, Silberberg, Roth & Knupp and Livingston & Livingston for Respondent.

PETERS, J. pro tem.—Petitioner, one of the defendants in an action pending in the Superior Court of Los Angeles County, seeks, by this proceeding in certiorari, to annul an order of the superior court permitting the plaintiffs in that action to amend the first two causes of action set forth in their complaint. The facts constituting the background of this proceeding are as follows:

In 1935, Aronson et al. filed an action against petitioner charging that in a series of transactions it had converted certain shares of stock belonging to plaintiffs. A general demurrer to the complaint was sustained without leave to amend, and a judgment of dismissal entered. This judgment was affirmed by this court in October of 1937. (*Aronson* v. *Bank of America,* 9 Cal. (2d) 640 [72 P. (2d) 548].) In November of 1936, before the affirmance above referred to, the same plaintiffs instituted another action against the petitioner and others, based upon the same transactions, by the filing of a complaint containing four counts. The bank demurred to this complaint as a whole and as to each count, generally and specially. The trial court sustained the demurrer without leave to amend, and subsequently denied plaintiffs' motion for leave to amend. The demurrer

was not sustained as to each count, but as to the complaint as a whole, the order reading that the demurrer of the bank "to amended complaint, sustained without leave to amend." Subsequently, a judgment of dismissal as to the bank was duly entered. Plaintiffs appealed from that judgment to the District Court of Appeal, and, in due course, in January of 1941, the appellate court rendered its decision (*Aronson* v. *Bank of America*, 42 Cal. App. (2d) 710 [109 P. (2d) 1001]) reversing the judgment, the order reading (p. 721): "The judgment of dismissal is therefore reversed with directions to the trial court to grant appellants leave to file an amended complaint if they are so advised."

Upon the return of the cause to the trial court the plaintiffs moved for leave to file amendments to the first and second counts of their complaint. Over the objection of petitioner that the court had no jurisdiction, and that to grant such motion violated the law of the case as set forth in the appellate court opinion, the trial court granted the motion. Petitioner thereupon instituted the present proceeding in certiorari for the purpose of annulling the order granting leave to amend.

The basic question presented is, whether the trial court exceeded its jurisdiction in granting permission to plaintiffs to amend the complaint as to the first two counts. The answer to that question turns first, upon ascertaining just what the appellate court decided, and second, upon determining what legal effect the judgment of reversal had upon the power and jurisdiction of the trial court.

An examination of the appellate court decision discloses that that court held that the third and fourth counts set forth in the complaint stated a cause of action against the bank, but that counts one and two did not. In holding that the first two counts did not state a cause of action against the bank, the appellate court predicated its decision on the law stated by the Supreme Court in the prior appeal to the effect that an indispensable element of the cause of action was knowledge on the part of the bank as to what disposition the defaulting administrators intended to make of the converted stock, and the appellate court held that, since these two counts of the complaint (and the amendments contained in the request to amend) contained no such allegation, no cause of action was stated. Speaking of these two counts the appellate court stated (42 Cal. App. (2d) at p. 716):

"The important factor is knowledge on the part of the bank as to what disposition was to be made of the proceeds received on the transfer and whether any proceeds were to be forthcoming. As to this the complaint is silent and fails to show that the bank in question had any knowledge at the time of the transfers that the administrators intended to apply the stock or the proceeds of the transfer to their own use and benefit or to the benefit of any third party, or that, at the time, the bank was in possession of such facts as to amount to notice of any such plan or purpose.

"Since the transfers complained of in the first and second counts of appellants' complaint occurred before distribution of the estate was decreed and since appellants have failed to charge the predecessor bank with the requisite knowledge of a wrongful purpose on the part of the administrators, those two counts still fall within the rule laid down in *Aronson* v. *Bank of America, supra,* and for the reasons there given the said counts fail to state a cause of action against respondent bank."

The court then considered the third and fourth counts of the complaint, and held that those counts stated a good cause of action against the bank. It then stated (42 Cal. App. (2d) at p. 721):

"It should be mentioned in passing that the complaint is far from a model of pleading and is in no sense concise. It is clear, however, that no attempt has been made to set out more than one cause of action in each count.

"In view of the fact that the allegations of the first and second counts of the complaint reveal a situation wherein no cause of action would lie against respondent bank or its predecessor the trial court did not err in refusing to grant leave to plaintiffs to amend those counts, but for the reasons above given the court erred in sustaining the demurrer to the third and fourth counts and in dismissing the action."

The amendments allowed by the trial court to be filed to the first two counts incorporated the very allegations for lack of which these counts were held defective by the appellate court.

It is the theory of petitioner that, after the reversal, the trial court had jurisdiction for the sole purpose, so far as permitting amendments to the pleadings was concerned, of allowing the third and fourth counts to be amended, and was without jurisdiction to permit the first two counts to be

amended. This contention is predicated on the arguments that petitioner demurred generally to each count separately; that it was entitled to a separate ruling on each count; that the effect of sustaining the demurrer to a single count is the same whether the complaint contains one count or many counts; that the decision of the appellate court holding that the trial court had properly sustained the demurrer without leave to amend, so far as the first two counts are concerned, would have finally disposed of those counts had they been the only counts of the complaint; that the legal effect of the decision is not altered by the fact that the pleading contained additional counts held to be sufficient; that the appellate court order reversing the judgment of dismissal in legal effect amounted to an affirmance of the order sustaining the demurrer as to the first two counts, and a reversal of that order only as to the last two counts. ██ These arguments are all predicated upon a fundamental fallacy. They assume that there can be a piecemeal disposition of the several counts of a complaint. They assume, when there is more than one count in a complaint, and a demurrer is interposed and sustained, and a judgment of dismissal entered, that there are as many separate judgments as there are counts in the complaint. That is not the law. There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains. (*De Vally* v. *Kendall de Vally O. Co., Ltd.,* 220 Cal. 742 [32 P. (2d) 638]; *Mather* v. *Mather,* 5 Cal. (2d) 617 [55 P. (2d) 1174]; *Potvin* v. *Pacific Greyhound Lines, Inc.,* 130 Cal. App. 510 [20 P. (2d) 129].) In the De Vally case, *supra,* a demurrer was sustained and a judgment entered dismissing two counts of a four-count complaint. The court held that the judgment was premature, and dismissed the appeal from it, and stated (p. 745): "Although the matter is not mentioned by counsel for either side, it appears that the court should not have given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 Pac. 166], quoting from *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. [557] 577 [33 Pac. 633]: 'There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the par-

ties in relation to the matter in controversy.' '' This language was approved in the Potvin case, *supra,* where the court said (p. 512) : "Since a final judgment in an action contemplates a complete adjudication of the rights of the parties and a final determination of the matter in controversy, it is apparent that the so-called judgment rendered upon the sustaining of a demurrer to one cause of action of a complaint without leave to amend, leaving five other causes of action unimpaired presenting matters to be litigated during a trial of the issues of fact, cannot be regarded as a final determination and disposal of the cause."

The only judgment here entered was a judgment of dismissal and that judgment was reversed. What was the legal effect of such reversal? It is well settled that when a judgment is reversed, on retrial the parties have the same right to apply for permission to amend as though the judgment had never been entered and reversed. (*Ellis* v. *Witmer,* 148 Cal. 528 [83 Pac. 800] ; *Armstrong* v. *Adams,* 102 Cal. App. 677 [283 Pac. 871] ; *First Nat. Bank* v. *Stansbury,* 118 Cal. App. 80 [5 P. (2d) 13].) In other words, after the judgment of reversal here, limited only by any direction contained in the order of reversal, the trial court had the same power over the complaint as if no judgment of dismissal had ever been entered. It is the same as if the trial court had entered an order sustaining the demurrer (no judgment of dismissal having been entered) and the plaintiff requested leave to amend. The law is well settled that in such a situation the trial court, at any time prior to final judgment, may reconsider its ruling on the demurrer, and this is so even though no request to amend has been made. (See cases collected 21 Cal. Jur. p. 124, § 80; *People* v. *Lucas,* 78 Cal. App. 421 [248 Pac. 691] ; *Frantz* v. *Mallen,* 204 Cal. 159 [267 Pac. 314] ; *Howe* v. *Board of Supervisors,* 118 Cal. App. 306 [5 P. (2d) 28].)

Of course, what was said in the opinion of the appellate court in reversing the judgment became the law of the case, and the trial court was bound thereby. But, subject only to that limitation, the trial court had complete power to allow amendments to the pleading, or to reconsider and change its ruling on demurrer, at any time before entry of judgment.

Petitioner, in apparent recognition of these principles, urges that the appellate court ruled the first counts did

not and *could not* be amended to state a cause of action, and that such ruling is binding as the law of the case. It urges that the court held that the first two counts were "incurably defective." The appellate court made no such ruling. As is clearly indicated from the quotations, *supra,* it held that the complaint before it, and the amendments then offered, so far as the first two counts were concerned, did not state a cause of action; that such counts, or the proposed amendments, were defective in that knowledge on the part of the bank was not alleged; that the demurrer was properly sustained to those two counts without leave to amend. The amendments permitted to be filed by the order here sought to be annulled supplied the very elements for lack of which the counts were held to be defective by the appellate court.

It follows from what has been said that the trial court acted well within its jurisdiction in permitting the challenged amendments to be filed. Even were this not so, and had the trial court exceeded its jurisdiction in permitting the amendments to be filed, certiorari would not lie to annul its order. This is so because the order granting leave to amend, while not directly appealable, is subject to review on appeal from the final judgment. (*Collins* v. *Bridge Investment Co., ante,* p. 52 [123 P. (2d) 436].) Certiorari will not lie if the effect of the order sought to be annulled can be reviewed and nullified on an appeal from the final judgment, even though the order itself is not appealable. (*Hughson* v. *Superior Court,* 120 Cal. App. 658 [8 P. (2d) 227]; *Booth* v. *Superior Court,* 81 Cal. App. 709 [254 Pac. 617]; *Manoogian* v. *Superior Court,* 48 Cal. App. 609 [192 Pac. 168]; *Postal etc. Co.* v. *Superior Court,* 22 Cal. App. 770 [136 Pac. 538]; *Bryant* v. *Superior Court,* 16 Cal. App. (2d) 556 [61 P. (2d) 483].) The rule of these cases is sound, and is in no way qualified by *Bottoms* v. *Superior Court,* 82 Cal. App. 764 [256 Pac. 422], or *Stanton* v. *Superior Court,* 202 Cal. 478 [261 Pac. 1001], relied upon by petitioner. In the Bottoms case a petition for hearing was denied, the order reciting that such denial was made "on the sole ground that the question . . . has become moot." (82 Cal. App. at p. 778.) In the Stanton case, *supra,* there was no proceeding by which the order could be reviewed on appeal. The decision was so explained in *Ivory* v. *Superior Court,* 12 Cal. (2d) 455 [85 P. (2d) 894], at p. 460.

Petitioner argues that the rule is here inapplicable be-

cause a review and nullification of the order on appeal from the final judgment would not be a plain, speedy and adequate remedy. It is urged that unless certiorari is permitted it will allow the plaintiffs, as the unsuccessful party to the prior appeal so far as the first two counts are concerned, to return to the trial court, start in all over again, and compel petitioner, as the prevailing party as to those two counts, to submit to a trial and await the final outcome before obtaining redress for the unwarranted reopening of the litigation. If such action is here permitted, says the petitioner, every lawsuit could be perpetual. It is therefore argued that substantial justice requires that relief be afforded by certiorari.

This argument is unsound for several reasons. It is predicated upon an unsound interpretation of the appellate court opinion. Moreover, it would apply in some degree in every case where a trial court erroneously overruled a demurrer and compelled a defendant to proceed to trial. No one would contend that such order could be reviewed on certiorari. Moreover, the argument assumes that it is proper to dispose of some of the counts of the complaint by a final judgment, prior to a trial on the other counts. This would sanction more than one final judgment in the action. As has already been pointed out, there can be but one final judgment regardless of the number of counts in the complaint.

From what has been said, it follows that petitioner must fail in its attempt to annul the order here involved, first, because the trial court had jurisdiction to make the order, and second because, even if it exceeded its jurisdiction, certiorari does not lie to review an order of the nature here involved. For these reasons the order sought to be reviewed is affirmed.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.

Petitioner's application for a rehearing was denied September 10, 1942.